Jean Katherine GIESNER, Petitioner, Respondent,

v.

Frederick Lawrence GIESNER, Appellant.

No. 81–976.

Supreme Court of Minnesota.

May 28, 1982.

Peter H. Watson & Associates, Minneapolis, for appellant.

J. Mark Catron, St. Paul, for respondent.

KELLEY, Justice.

Appellant, Frederick Lawrence Giesner, appeals from an order of the district court refusing to modify awards of spousal maintenance and support by temporarily abating them. We reverse and remand to the trial court for further proceedings.

The parties were divorced in 1974. By the judgment, appellant was to pay alimony and child support totaling $300 per month. In September of 1980, respondent had custody of one minor child at home. She was unemployed, received rent subsidy, food stamps, medical assistance and aid for de-

pendent children. She had no appreciable property. During the time following the divorce, appellant had earned between $18,000 and $54,000 per year. He had substantial property including cash, personal property and a significant equity in a home.

At all times prior to September 1980, appellant was current on maintenance and support payments. In April of 1980, appellant had been involuntarily terminated from his job but received his salary through August of 1980. In January 1981, the Ramsey County District Court modified the spousal maintenance and support requirements of the decree by doubling them. Although the record is not fully developed, it does indicate that appellant, following his job termination in April 1980, made unsuccessful attempts to obtain work in his field. Being unsuccessful, he thereafter determined to commence his own business. In doing so, he had to use substantially all of his assets.

Appellant moved the trial court for an order to suspend child support and spousal maintenance payments for a period of 8 to 12 months due to his inability to pay. At the expiration of that time, he expected the new business venture to start to show a profit and, presumably, he could resume payments. The referee determined that appellant's "legal obligation is to secure immediate employment that will provide first for his basic necessities and secondly produce sufficient income for him to meet his child support and maintenance obligations." The trial court confirmed the referee's decision.

Minn.Stat. § 518.64, subd. 2 (1980) permits modification of a decree with respect to maintenance or support "upon a showing of substantially increased or decreased earnings of a party * * * which makes the terms unreasonable and unfair." We have discussed the significance of volition as it relates to a party's circumstances in the related context of ability to comply with an order for contempt purposes. Our rule is that there is no defense if the party directed to pay "has not made a reasonable effort by means of his own selection to conform to an order well within his inherent but unex-

ercised capacities." *Hopp v. Hopp*, 279 Minn. 170, 176, 156 N.W.2d 212, 217 (1968); *State v. Fuerst*, 283 Minn. 391, 168 N.W.2d 1 (1969).

We believe that a similar test should apply where an individual seeks modification of a decree on the ground that a career change has resulted in decreased earnings. If the change was made in good faith, the child and the separated spouse should share in the hardship as they would have had the family remained together. The same is true as to benefits. *Rutledge v. Rutledge*, 96 Mich.App. 621, 293 N.W.2d 651 (1980). Inasmuch as the trial court did not evaluate appellant's subjective intent in starting a new business, we must remand the matter for further proceedings, wherein that subjective intent will be considered along with the other factors listed in Minn. Stat. § 518.64, subd. 2 (1980). If the trial court finds that the entry into the new business by the appellant was made in good faith so that appellant might meet his obligations, including his support and maintenance obligations, the court may then fashion a modification that will reflect equities for the parties and the child. In so doing, the court might consider alternatives which would include reduction in amount, deferral or, if the situation demands it, abatement.

Respondent has petitioned this court to proceed in forma pauperis on appeal in accordance with Minn.Stat. § 563.01, subd. 8 (1980). The petition is granted to the limited extent of the authorization of the payment of the reasonable expenses incurred in the reproduction of her appellate briefs.

Reversed and remanded.