David Maurice YOUNG, petitioner,
Appellant,

v.

Jody Marie YOUNG n.k.a. Jody Marie
Anderson, Respondent.

No. CX–84–497.

Court of Appeals of Minnesota.

Oct. 30, 1984.

Michael L. Perlman, David L. Olson, Edward M. Cohen & Associates, St. Louis Park, for appellant.

David J. Lenhardt, Ramier & Gries, Minneapolis, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

David Young appeals from the denial of his motion to restrain Jody Anderson, his former wife, from forcing their child Nicholas to assume her new married surname "Anderson." He also appeals the order requiring him to pay arrearages in child support. We affirm in part, vacate and remand in part.

### FACTS

Nicholas David Young is the five year old son of David Maurice Young and Jody Marie Anderson, f/k/a Jody Marie Young. Jody has physical custody of Nicholas pursuant to the parties' divorce decree of November 24, 1980. The decree ordered David to pay $190 monthly child support.

Jody remarried on October 16, 1983, taking the surname of her new husband, "Anderson." Subsequently Nicholas has commonly gone under the surname "Anderson" at home, among friends and at school. On all official records Nicholas still is registered under his legal surname, "Young." David protests the informal name change.

Due to seasonal nonvoluntary layoffs, David, a carpenter, has fallen behind in child support payments. The amount of his arrearages was established at $860.

At a hearing which revealed the above facts, the court declined to order Jody to use Nicholas' legal surname consistently for all occasions. The court also ordered David to pay $860 child support arrearages.

## ISSUES

1. Did the court err by not requiring Jody to use Nicholas' legal surname consistently for all occasions?

2. Did the court err by ordering David to pay $860 child support arrearages?

## ANALYSIS

1. This is not a proceeding for a legal name change under Minn.Stat. §§ 259.-10–.11 (1982). David contends, however, that Jody is attempting to accomplish the same result *de facto*.

■ We agree. Section 259.10 states that "no minor child's name may be changed without both of his parents having notice of the pending of the application for change of name." The safeguards implicit in this requirement apply to the present situation:

[J]udicial discretion in ordering a change of a minor's surname against the objection of one parent should be exercised with great caution and only where the evidence is clear and compelling that the substantial welfare of the child necessitates such change.

*Application of Saxton,* 309 N.W.2d 298, 301 (Minn.1981) (*quoting Robinson v. Hansel,* 302 Minn. 34, 36, 223 N.W.2d 138, 140 (1974)).

David shows a continuing interest in Nicholas' welfare. He retains joint legal custody, he exercises visiting rights and he makes support payments. A name change risks alienating David and jeopardizes the parent-child relationship. It risks confusion for Nicholas. In contrast, there is no evidence to suggest that a name change is in the substantial best interests of Nicholas.

■ Jody maintains that so long as Nicholas officially is surnamed "Young" she need not invoke sections 259.10–.11 to modify his name for everyday usage. This interpretation defeats the purpose of the statute. A child's name identity is more likely to be established by everyday usage than by documents locked away in official cabinets. In the present context we perceive no distinction between an unofficial attempt and an official attempt to alter the child's name. Without the other parent's consent, a divorced parent may not change the child's name even for informal occasions without resort to sections 259.10–.11.

2. A downward modification of a support decree may be obtained by showing "substantially * * * decreased earnings of a party * * * which makes the terms unreasonable and unfair." Minn.Stat. § 518.-64 subd. 2 (Supp.1983). At the hearing David put forth evidence that he was unemployed a total of seven months "over past winters." Apparently each winter he was laid off for "brief spans." The original divorce decree contained the following language:

Child support is based on annual income and it is the responsibility of a person with seasonal employment to budget income so that payments are made regularly throughout the year as ordered.

Seasonal employment was anticipated even at the time of the dissolution.

■ It is true that a post-dissolution child must share in the hardship as though the family had remained together, *Giesner v. Giesner,* 319 N.W.2d 718, 720 (Minn. 1982). But David did not indicate that his unemployment resulted in a substantial decrease in yearly income. Given the state of

the record the court did not abuse its discretion by requiring the payment of arrearages. David does not contest the amount of arrearages.

## DECISION

1. The denial of David Young's motion for a restraining order is vacated and remanded for reconsideration consistent with this opinion.

2. The order requiring David Young to pay child support arrearages is affirmed.