**In re the Marriage of Patricia Ann BORCHERT, Petitioner, Respondent,**

**v.**

**Edward Clair BORCHERT, Appellant.**

**No. CX–86–262.**

Court of Appeals of Minnesota.

July 29, 1986.

James J. Hulwi, Jr., Mankato, for respondent.

Ann B. Barker, Mankato, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Following a thirty-one year marriage, the parties were divorced August 13, 1979. Respondent, Patricia Borchert, was awarded permanent maintenance of $150 per month, which increased to $300 per month January 1, 1980. Appellant, Edward Borchert, stopped paying maintenance on September 1, 1985. Respondent brought an order to show cause, a motion to find appellant in contempt and a motion to, among other things, enter judgment for arrearages. Appellant countermoved to eliminate maintenance, contending his expenses had increased since entry of the judgment and decree. The court found appellant's needs had increased due to his remarriage and that respondent's income had increased but that these changes did not make the terms of the decree unreasonable or unfair. We affirm.

## FACTS

Appellant and respondent were divorced in 1979 after a thirty-one year marriage. They have six emancipated children. Appellant has remarried. His new spouse has health problems and has not worked since the couple was married. She has, apparently, no income. Her mother, also in ill health, lives with appellant and his spouse. The record does not disclose how much money appellant spends on his spouse's or his mother-in-law's care. Appellant has had minor health problems since the divorce. He claims he must eat fresh fruits and vegetables for a colon condition, which increases the cost of his grocery bill.

Appellant is employed as a senior highway technician for the Department of Transportation and currently earns $30,000 gross annually. At the time of the decree he earned $26,300.

Respondent has not remarried and is employed as a cook for the Mapleton School District. She works part time at a local liquor store and also works part time at a clothing store. She is paid wages by the liquor store, but is paid in clothing by the clothing store. Her gross annual income, including maintenance was $11,712 at the time of the decree and $16,405 in 1984. Respondent introduced evidence that she had health problems possibly caused by working in a smoky environment.

## ISSUE

Did the trial court abuse its discretion in failing to terminate appellant's maintenance obligation?

## ANALYSIS

We will not overturn trial court's decision absent a showing that the court abused its discretion. *See Cashman v. Cashman*, 256 N.W.2d 640, 642 (Minn. 1977). The modification of maintenance is governed by Minn.Stat. § 518.64, subd. 2 (1985). The burden of proof is on the movant. Section 518.64, subd. 2 requires a showing of one of the four enumerated factors plus a showing that these changes render the terms of the decree unreasonable and unfair. *Id.* In addition to this two-prong test, § 518.64, subd. 2 states:

> On a motion for modification of maintenance, the court shall apply, in addition to all other relevant factors, the factors for an award of maintenance under section 518.552 that exist at the time of the motion.

*Id.* Here the court found that neither parties' incomes or needs had *substantially* changed and that "other circumstances under the control of a party is not sufficient to make the terms unreasonable and unfair, particularly in view of the voluntary agreement." The term "voluntary agreement" refers to the stipulation of $300 per month permanent maintenance, signed by the parties and incorporated into the decree. The court made the necessary findings required by § 518.64, subd. 2, as enumerated in § 518.552. The adequacy of these findings was not raised by appellant on appeal. The sole issue before us is the propriety of the court's conclusion that the circumstances enumerated by appellant do not render the terms of the decree unreasonable and unfair.

Appellant claims the court abused its discretion by denying his motion to terminate maintenance. He argues the original maintenance award has now become unreasonable and unfair under Minn.Stat. § 518.64, subd. 2, because respondent's income has increased at almost the rate of inflation while appellant's income did not keep pace with inflation; respondent's income meets her expenses, while appellant's does not; respondent's health is good while appellant's health is poor; and appellant has significant financial burdens because his current wife is ill and cannot work and because he must care for an ill mother-in-law.

■ Appellant's argument that respondent's wages have more nearly kept pace with inflation is insufficient alone to modify maintenance. *Heaton v. Heaton*, 329 N.W.2d 553, 555 (1983). Appellant's claim that respondent's income covers her expenses, while his does not, is insufficient. The evidence showed that, including $3600 maintenance, respondent's 1984 income was $16,405. Her monthly living expenses are $1,107. Appellant's 1984 income was $30,000 and his monthly expenses, which include a $344 credit union payment incurred to satisfy the property division, are $1,802. The record does not show how much of this figure was for the support of appellant's new spouse and her mother, and what portion is attributable to his own increased need, if any.

■ The original award of maintenance was for permanent, not rehabilitative maintenance.

[R]ehabilitative maintenance contemplates future self sufficiency of the spouse receiving the award after a period of retraining. A fair reading of the cases, and statutory provisions convinces us that similar considerations do not exist when permanent maintenance is awarded.

*Sand v. Sand*, 379 N.W.2d 119, 124 (Minn. Ct.App.1985). It follows that recipients of permanent maintenance, once the decision has been made to award permanent rather than temporary maintenance, are not automatically penalized by loss of their permanent maintenance if, following a dissolution in which they were employed at that time, their earnings increase through the years. Permanent maintenance is compensatory in nature. *See id.* We do not discredit appellant's argument that the time has come to terminate permanent maintenance because his ex-spouse has demonstrated some years of self-sufficiency and rehabilitation. However, the record does not disclose that the trial court abused its discretion in its decision not to terminate respondent's permanent maintenance.

■ Appellant argues he is in poor health. However, he introduced no evidence to substantiate his claim of impaired working capacity. Nor did he document increased costs due to any health conditions.

Finally, appellant argues he has increased needs because he is supporting his new spouse and his mother-in-law. The record does not reveal how much of appellant's monthly expenses are due to these obligations. Nor does it reveal what portion of the alleged expenses are covered by insurance or other sources. Rule 5.06(d) of the Uniform Rules of Procedure for Family Court Dissolution Matters [1] provides guidance in this matter:

A party who remarries after dissolution and accepts additional obligations of support does so with the full knowledge of his or her prior obligations under this proceeding.

We affirm the trial court's conclusion that the changed circumstances did not necessarily render the decree unreasonable and unfair.

## DECISION

The trial court properly denied appellant's motion for termination of maintenance. The trial court did not err in holding that appellant's claim of increased

**1.** *See Savoren v. Savoren,* 386 N.W.2d 288 (Minn.Ct.App.1986); *Lappi v. Lappi,* 294 N.W.2d 312 (Minn.1980) (noting the propriety of looking to the Uniform Rules for guidance).

needs did not render the terms of the original decree unreasonable and unfair.

Affirmed.