**In re the Marriage of Maura G. HALVORSON, Petitioner, Respondent,**

v.

**Donald M. HALVORSON, Appellant.**

**No. C4–86–1505.**

Court of Appeals of Minnesota.

March 10, 1987.

Donald E. Schmid, Jr., Hauser & Schmid, Sleepy Eye, for respondent.

Matthew S. Vickery, Lowther & Vickery, Sleepy Eye, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

FORSBERG, Judge.

On May 1, 1979, the marriage of Donald M. Halvorson, appellant, and Maura G. Halvorson, respondent, was dissolved. Respondent was awarded permanent maintenance of $500.00 per month. On July 28, 1986, appellant moved for an order amending the judgment and decree to terminate his maintenance obligation. The trial court

denied the motion. Appellant claims that the trial court erred in denying his motion, arguing that there has been a substantial change of circumstances making the original award unreasonable and unfair, and that the trial court abused its discretion and failed to properly apply the factors for an award of maintenance under Minn.Stat. §§ 518.552 and 518.64.

## FACTS

Appellant and respondent were married on July 27, 1957. Respondent was employed as a registered nurse for approximately three years into the marriage, at which time she became a housewife. Appellant was employed as a salesman for a hardware store. In 1966, he switched jobs and began working for the Post Office. In 1967, he took an additional job bartending parttime. Appellant continues to hold these jobs.

The parties were married for 22 years. At the time of the dissolution, appellant was 47 years old and respondent was 46. Their two sons, Tim and Joel, were 17 and 16 years old, respectively. In her petition for dissolution of marriage, respondent claimed that she was dependent upon appellant for her support, that she suffered from arthritis and other health problems, and was unable to engage in gainful employment. She submitted an affidavit from her doctor in which he indicated that, due to her health problems, she was unable to be gainfully employed as a nurse. Respondent further stated that she would be applying for financial assistance from the Brown County Welfare Department. The parties' income tax returns provided that respondent's gross income was $194.00, and appellant's gross income was $21,981.

The parties then entered into a stipulation which was set forth in the terms of the dissolution. Both parties were represented by counsel. Pursuant to the decree which was based upon the stipulation, respondent was awarded permanent maintenance in the amount of $500.00 per month, which decreased to $450.00 per month when the children reached the age of majority.

In 1980, respondent began working part-time as a registered surgical nurse at the Sleepy Eye Hospital. In 1982, the job became full-time. She is currently building a new home. Appellant remarried on July 25, 1981, and is now the father of two young children. Appellant paid maintenance on a timely, regular basis until July 28, 1986, when he moved the trial court to terminate maintenance.

At the hearing, appellant attempted to introduce oral testimony. The trial court refused to accept the testimony, however, stating that appellant had not complied with the Uniform Rules of Procedure for Family Court Dissolution Matters (Uniform Rules). After the motion, appellant filed a supplemental affidavit and memorandum. After the case had been appealed, respondent moved the trial court to correct the record on appeal by striking the supplemental documents. The trial court granted the motion. By order of this court, the trial court's order was stayed.

## ISSUES

1. Was the submission of appellant's supplemental affidavit and memorandum of law untimely and, therefore, not a part of the record on appeal?

2. Did the trial court err in denying appellant's motion to terminate maintenance?

## ANALYSIS

### *1. Submission of Supplemental Documents*

Respondent claims that appellant violated the Uniform Rules by filing his supplemental affidavit and memorandum of law after the hearing. She requests this court to strike the supplemental documents. The documents essentially contained the information which appellant had attempted to offer at the hearing by way of oral testimony. The trial court did not permit oral testimony at the hearing, stating that appellant had not followed Rule 2.02(b) of the Uniform Rules. Rule 2.02(b) provides:

all * * * motions * * * shall be submitted on affidavits, with income documentation, and argument of counsel, unless otherwise ordered by the court based upon good cause shown.

Appellant did not request leave to submit oral testimony at the time he noticed his motion. When informed at the hearing that oral testimony would not be received, he neither moved for a continuance, nor requested leave to submit additional affidavits. Even if Rule 2.02(b) can be read as prohibiting oral testimony, however, Rule 2.03 of the Uniform Family Court Rules provides in pertinent part:

Either party may serve and file supplemental affidavits providing said narrative affidavits are relevant and material to the temporary hearing.

We hold that appellant's supplemental documents should be considered on this appeal, as respondent has not objected to the relevancy or materiality of the documents.

### 2. Motion to Terminate Maintenance

■ Appellant claims that trial court abused its discretion in denying his motion to terminate maintenance. Final orders denying or granting modifications of maintenance are appealable as of right. *Angelos v. Angelos*, 367 N.W.2d 518, 520 (Minn. 1985). Appellant claims that an award of permanent maintenance is usually restricted to certain exceptional cases where there is little likelihood of the once-dependent spouse attaining self-sufficiency, citing *McClelland v. McClelland*, 359 N.W.2d 7 (Minn.1984), *appeal after remand*, 393 N.W.2d 224 (Minn.Ct.App.1986). Appellant has failed to consider the subsequent history of *McClelland*. In *McClelland I*, 359 N.W.2d 7, the supreme court reversed the trial court's award of permanent maintenance, stating that the case did not "present[ ] one of those exceptional situations where permanent maintenance is warranted." *Id.* at 10. The court remanded the case to allow the trial court to determine the period of time for which temporary maintenance would be awarded. After the supreme court issued its opinion,

however, the Minnesota Legislature amended the spousal maintenance statute, adding subdivision three, which provides:

Subd. 3. Nothing in this section shall be construed to favor a temporary award of maintenance over a permanent award, where the factors under subdivision 2 justify a permanent award.

Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

Minn.Stat. § 518.552, subd. 3 (1986). Thus, the statute clearly states that permanent maintenance is not restricted to exceptional cases, but the trial court, in its discretion, may award either temporary or permanent maintenance as the circumstances warrant upon a consideration of the factors set forth in § 518.64, subd. 2, and § 518.552. *See McClelland II*, 393 N.W.2d at 225; G. Solum, *Legislature Clarifies Intent With Maintenance Amendment*, 10 Minn. T. Law. 15 (Sept. 1985).

Subdivision 2 requires a showing of one of four enumerated factors, and a showing that the change of circumstances render the terms of the decree unreasonable and unfair. In addition to this two-prong test, the statute requires the court to apply the factors listed in § 518.552 that exist at the time of the motion. Section 518.64, subd. 2 provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following:
1. Substantially increased or decreased earnings of a party;
2. Substantially increased or decreased need of a party;
3. Receipt of assistance under Section 256.72 to 256.87; or
4. A change in the cost-of-living for either party as measured by the Federal Bureau of Statistics, any of which makes the terms unreasonable and unfair. * *

Minn.Stat. § 518.64, subd. 2.

Section 518.552 provides in pertinent part:

Subd. 2. The maintenance order shall be in amounts and for periods of time, either temporary or permanent, as the Court deems just without regard to marital misconduct, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to the party, and the party's ability to meet his or her needs independently, including the extent to which provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable a party seeking maintenance to find appropriate employment, and the probability, given the parties age and skills, of completing education or training and becoming fully or partially self-supporting;

(c) The standard of living established during the marriage;

(d) The duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills or experience have become outmoded and earning capacity has become permanently diminished;

(e) The loss of earnings, seniority, retirement benefits and other employment opportunities foregone by the spouse seeking spousal maintenance;

(f) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(g) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; and the contribution of each party in the acquisition, preservation, depreciation, or appreciation in the amount or value of the marital property as well as the contribution of a spouse as a homemaker or in furtherance of the other party's employment or business.

Minn.Stat. § 518.552 (1986).

Although applying these factors is a discretionary matter, the trial court should exercise that discretion cautiously and should modify an award only when clear proof of facts show that a substantial change in circumstances renders modification equitable. *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980). The burden of proof is on the movant. This court is reluctant to interfere with a trial court's discretion and will do so only when that discretion has been abused. *Cashman v. Cashman*, 256 N.W.2d 640, 642 (Minn.1977).

In denying appellant's motion, the trial court found that:

(1) the parties had, while represented by counsel, entered into a voluntary stipulation fixing their financial rights and obligations with respect to the dissolution;

(2) the Decree incorporated the terms of the stipulation, including the obligation to pay permanent maintenance of $500 per month to respondent, decreasing to $450 per month after the children reached the age of majority;

(3) the award was for permanent, not rehabilitative, maintenance;

(4) at the time of the dissolution, respondent was a housewife who had not been gainfully employed for 20 years, and suffered, and continues to suffer from arthritic and coccydynia [lower back pain] conditions, as well as severe chest pains and irregular heart beat;

(5) respondent must undergo orthodontic treatment at a cost of $600.00 to $2,000.00;

(6) at the time of the dissolution, appellant and respondent's tax return showed a gross income of $21,981;

(7) appellant's 1985 gross income from employment was $40,530, an increase of $18,549;

(8) respondent's 1985 gross income from employment was $19,870 [an increase of $19,676];

(9) the cost of living as measured by the Federal Bureau of Statistics increased 153% from the time of the stipulation.

Appellant argues that there has been a substantial change in circumstances, claiming that he has increased expenses, and that respondent has substantially increased earnings and decreased needs.

■ Appellant claims that his additional expenses resulting from his remarriage make payment of the original award of maintenance unreasonable and unfair. The trial court found this circumstance irrelevant to the motion, stating that appellant had accepted these additional obligations of support with the full knowledge of his prior obligations. *Cf.* Uniform Rules of Procedure for Family Court Dissolution Matters, Rule 7.04(d) (stating that any decree awarding maintenance shall include provision that parties who remarry and accept additional responsibilities do so with full knowledge of prior obligations). We agree that appellant's remarriage is an insufficient change of circumstance to support a termination of maintenance. *See Ramsay v. Ramsay*, 305 Minn. 321, 323, 233 N.W.2d 729, 731 (1975); *Borchert v. Borchert*, 391 N.W.2d 74, 76 (Minn.Ct.App.1986).

Appellant argues that the initial decree awarded permanent maintenance on the basis that respondent represented that she would never be able to work again. He thus claims that maintenance should be terminated because respondent is now gainfully employed. The record, however, does not support appellant's contention. In her petition for dissolution respondent did not state that she would be unable to engage in gainful employment in the future. Moreover, neither the stipulation, nor the judgment and decree of dissolution make appellant's maintenance obligation contingent on respondent's unemployed status. Further, respondent claims that it was foreseeable that she would have to go back to work in view of the modest alimony, which only amounted to $5,400 per year after the children attained the age of majority. *See Ramsay*, 305 Minn. at 324, 233 N.W.2d at 731 (trial court did not err in denying motion for modification of maintenance when it was foreseeable that wife would seek employment in view of modest alimony).

■ We stated in *Borchert* that permanent maintenance is compensatory and that its recipients should not be automatically penalized by the loss of the award if, following a dissolution in which they were employed at that time, their earnings increase through the years. 391 N.W.2d at 76. In this case, respondent was not employed at the time of the dissolution; nevertheless, we hold that she should not lose the award of permanent maintenance absent a finding of changed circumstances which render payment of the award unreasonable and unfair.

Appellant claims that respondent has substantially decreased need because her income has increased significantly. He points out that at the time of the dissolution, respondent's income was $194.00. She is currently enjoying an income of approximately $19,870, and is building a new home. We note, however, that appellant has also increased his income from $21,981 to $40,530. The increase in dollars is nearly the same, and besides respondent's increased income, appellant presented no other evidence to show that respondent's need had substantially decreased.

A significant factor in the trial court's decision to deny modification was that the parties had entered into a voluntary stipulation, containing, inter alia, an award of permanent maintenance which was incorporated into the dissolution decree. Although a stipulation is not binding on the court, the Minnesota Supreme Court stated in *Claybaugh v. Claybaugh*, 312 N.W.2d 447 (Minn.1981):

> when a stipulation fixing the respective rights and obligations of the parties is central to the award, the trial court reviewing the original order or decree should view it as an important element because it represents the parties' voluntary acquiescence in an equitable settlement. Although the trial court is vested with broad discretion to determine the propriety of a modification, we have suggested that trial courts exercise that discretion carefully and only reluctantly alter the terms of a stipulation governing maintenance.

*Id.* at 449. In the present case, both parties were represented by counsel from the time of the order for temporary relief in November, 1978, to the final hearing on

April 30, 1979. They stipulated to an award of permanent maintenance. Although respondent is now gainfully employed, we cannot say that the trial court abused its discretion in declining to terminate the award.

## DECISION

Appellant properly submitted his supplemental affidavit and memorandum after the motion to terminate maintenance and, thus, they are properly included in the record on appeal. The trial court did not clearly abuse its discretion in denying appellant's motion to terminate maintenance.

Affirmed.