**In re the Marriage of David GARCIA, petitioner, Appellant,**

v.

**Nancy K. GARCIA, Respondent.**

No. C2–87–1044.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Brian T. Carlson, Eden Prairie, for appellant.

Heidi S. Schellhas, Edina, for respondent.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant David Garcia appeals from a dissolution judgment and decree awarding respondent Nancy Garcia permanent spousal maintenance, but reserving jurisdiction to review the award at the end of a three-year period. The court also ordered appellant to pay $2000 of respondent's attorney fees. Finally, the court denied appellant's post-judgment motion to modify maintenance due to change of circumstances. We affirm in part, but remand for findings on the issue of modification.

## FACTS

The twelve year marriage of respondent Nancy Garcia and appellant David Garcia was dissolved by judgment and decree entered in March 1987. The court awarded respondent permanent maintenance in the amount of $500 per month. The issue was reserved for review on March 1, 1990, to determine whether maintenance "should terminate, be extended for a given period of time or continue." The court also ordered appellant to pay $2000 of respondent's attorney fees within 270 days of the date of decree. Lastly, the trial court ordered appellant to pay respondent's health insurance premiums for 36 months, at $95 per month.

During the marriage, respondent was a traditional homemaker by mutual agreement of the parties. The couple had no children. Respondent has a high school education and two months of college. At the time of trial, she was enrolled in a legal secretarial school and expected to graduate in May 1987. She suffers from a seizure disorder which requires continued medication and treatment. Because of her physical disability, respondent is unable to obtain a driver's license.

The trial court found that in 1986 appellant received a net monthly income of $2,456.14, with monthly expenses of approximately $1830. The trial court also determined that respondent's lack of financial resources, limited education, limited work experience, and uncertain medical profile justified an award of permanent maintenance. However, the court concluded that since respondent was only thirty years old and was completing an educational program, she had the potential to become self-supporting. Therefore, a rehabilitative three-year period would allow the court an opportunity to monitor whether respondent had become self-sufficient and whether her medical condition had stabilized.

In April 1987, appellant brought a motion for amended findings or a new trial. He claimed his 1986 monthly take home pay was about $250 higher than his permanent income because of all the overtime he had worked in that year. He also claimed his reasonable monthly expenses were at least $2100, not $1830. Appellant asked the court to open the record to take additional evidence on current salary and expenses.

In June 1987, appellant was transferred by his employer to New York. He remarried, had a child, and requested the move to be near his wife's family. As a result, he brought a motion for modification of maintenance obligations in light of changed circumstances. In the alternative, he requested a hearing on the maintenance issue. All motions were denied, and David Garcia appeals.

## ISSUES

1. Did the trial court abuse its discretion when it determined the type and amount of maintenance, and when it refused to reconsider the determination?

2. Did the trial court abuse its discretion when it awarded respondent $2000 in attorney fees?

## ANALYSIS

1. *Type and amount of maintenance awarded*

Maintenance is awarded when a spouse lacks sufficient resources to provide for his

or her reasonable needs. Minn.Stat. § 518.552, subd. 1(a) and (b) (1986). The trial court, in its discretion, may award either temporary or permanent maintenance as warranted by the specific circumstances. *Halvorson v. Halvorson,* 402 N.W.2d 168, 170 (Minn.Ct.App.1987). If there is uncertainty as to the necessity of a permanent award, the court "shall order a permanent award leaving its order open for later modification." Minn.Stat. § 518.552, subd. 3 (1986). *See Nardini v. Nardini,* 414 N.W.2d 184, 198 (Minn.1987).

The trial court's determination of maintenance will not be reversed absent a finding of abuse of discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). Furthermore, the court's underlying findings of fact must be affirmed if not clearly erroneous. Minn.R.Civ.P. 52.01.

■ Appellant challenges the award of permanent maintenance because respondent is only thirty years old and employable. The award was characterized as permanent, but it is evident the trial court has not yet made a decision as to the term of maintenance. *See Napier v. Napier,* 374 N.W.2d 512, 516 (Minn.Ct.App.1985). Since it was impossible to predict whether respondent would become self-sufficient, the court structured the award so it could make a final decision whether maintenance should be permanent in three years. Neither party is obligated to show a change of circumstances to support their position when the case is reviewed by the trial court in 1990. The trial court action was within the bounds of its discretion in retaining jurisdiction for future determination of the maintenance issue.

■ Appellant also challenges the amount of maintenance awarded respondent, contending it is excessive. Appellant asserts the underlying findings were clearly erroneous. Due to a reduction in overtime, he claims his net salary was overstated by the trial court. He also claims his monthly expenses were higher than the court determined, even without including expenses for his new family. Consequently, paying monthly maintenance, plus attorney fees for nine months, plus insurance premiums for 36 months, was beyond his ability.

In assessing the amount and duration of a maintenance award, the trial court must consider all relevant factors. These factors include the financial resources of the party seeking maintenance, the party's ability to meet needs independently, the time necessary to acquire training or education, the duration of the marriage, the age, physical and emotional condition of the spouse seeking maintenance, and the ability of the spouse from whom maintenance is sought to meet their personal needs while meeting the needs of the other party. Minn.Stat. § 518.552, subd. 2 (1986).

Applying the statutory factors to the parties, we agree with the trial court that $500 per month in maintenance was a reasonable amount to award. Respondent had little, if any, financial resources, and self-sufficiency would take several years. Also, respondent's seizures may affect her ability to find a job. Appellant, on the other hand, was employed full-time with a monthly net salary in 1986 of $2,456.14. We cannot say there was an abuse of discretion, considering appellant's ability to pay and respondent's needs.

■ Further, the court did not abuse its discretion in awarding respondent health insurance coverage for 36 months, at $95 per month. Respondent's medical expenses, due to her seizure disorder, were continuous. Without the insurance supplied by appellant, she would have to apply the maintenance she received towards her medical expenses, leaving her with no means of support. Requiring coverage to continue for three years gives respondent the opportunity to find an alternate resource. It is within the sound discretion of the court to award insurance premiums.

*Motion to reduce maintenance*

A trial court should only modify an award when clear proof of facts show a substantial change in circumstances renders modification equitable. *Wiese v. Wiese,* 295 N.W.2d 371, 372 (Minn.1980). Absent a clear abuse of discretion this

court should not interfere with the trial court's decision to grant or deny a modification. *Id.*

Modification of maintenance awards is governed by Minn.Stat. § 518.64, subd. 2, which states, in part:

Modification. The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * any of which makes the terms unreasonable and unfair. On a motion for modification of maintenance, the court shall apply, in addition to all other relevant factors, the factors for an award of maintenance under section 518.552 that exist at the time of the motion.

Minn.Stat. § 518.64, subd. 2 (1986).

Appellant believes substantial changes in both parties' lives mandate a hearing to fairly assess appropriate maintenance. Appellant argues that since respondent has completed her schooling, she has ample opportunity for employment. In addition, appellant claims the trial court did not adequately consider that he was being transferred to New York in June 1987 where his net pay would decrease because he will no longer work overtime.

The supreme court has identified a standard of subjective intent to distinguish an obligor's lack of ability to fulfill his obligations, from a lack of willingness to do so. The burden is on the obligor to prove he has made "a good-faith effort to conform" to the court order, but was unable to do so. *Hopp v. Hopp*, 279 Minn. 170, 175, 156 N.W.2d 212, 217 (1968), *see Meisner v. Meisner*, 220 Minn. 559, 560, 20 N.W.2d 486, 487 (1945) (an obligor who did not voluntarily create a disability for the purpose of avoiding payment, is not guilty of contempt). A trial court need not accept inability to perform as justification for failure to comply if the obligor "has not made a reasonable effort by means of his own selection to conform to an order well within his inherent, but unexercised, capacities." *Hopp*, 279 Minn. at 176, 156 N.W.2d at 217.

In *Giesner v. Giesner*, 319 N.W.2d 718 (Minn.1982), the obligor sought modification of a decree on the grounds a career change resulted in decreased earnings. The court remanded the matter for further proceedings, because the trial court failed to evaluate the obligor's subjective intent in starting a new business. *Id.* at 720.

If the trial court finds that the entry into the new business by the appellant was made in good faith so that appellant might meet his obligations, including his support and maintenance obligations, the court may then fashion a modification that will reflect equities for the parties and the child.

*Id.*

In sum, a trial court must look beyond the difference between an individual's decreased actual earnings and his earning capacity. A court must also consider the obligor's subjective intent in making the change, which includes:

His ability to perform labor; his opportunity to find gainful employment; his disposition and will to earn money and contribute a reasonable amount to his family's support, and his diligence in seeking employment that will yield, at the very least, sufficient wages to provide for himself and dependents the necessaries of life.

*State ex rel. Houtchens v. District Court*, 122 Mont. 76, 82, 199 P.2d 272, 275 (1948). Here, appellant's income is substantially decreased, and the merits of his plea for reducing his maintenance obligation depend on a finding of his subjective intent in accepting a different position with his employer. Therefore, we remand the issue of modification to determine whether appellant made a decision in good faith toward his maintenance obligations, or whether his decrease in earnings was willful.

## 2. *Attorney fees*

Awarding attorney fees in dissolution cases rests almost entirely in the discretion of the trial court, and we will rarely reverse the trial court on this issue. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). Respondent incurred approximately $10,000

in legal fees, which the trial court found excessive for the level of complexity of this case. However, because of her limited personal assets, the court ordered appellant to pay $2000 of the amount over a period of nine months. Considering the award was substantially less than the total amount of attorney fees incurred, the trial court did not abuse its discretion in granting the award.

## DECISION

The trial court did not abuse its discretion in awarding respondent permanent maintenance in the amount of $500 per month, while reserving jurisdiction on the issue for review in three years. The trial court did not abuse its discretion in ordering appellant to pay $2000 in attorney fees. We reverse and remand to the trial court for further evidence on the issue of whether appellant's subsequent change of circumstances was made in good faith.

Affirmed in part, reversed in part and remanded.