**In re the Marriage of Grace Hackett McNEILL, Petitioner, Respondent,**

v.

**Robert Arthur McNEILL, Appellant.**

**No. CX–87–692.**

Court of Appeals of Minnesota.

Dec. 1, 1987.

Denis R. Vogel, Karen I. Haukebo, Hillstrom & Bale, Ltd., Minneapolis, for petitioner, respondent.

Mary A. Kainlauri, Russell A. Sorenson, Thiel, Sorenson, Thiel, Campbell and Gunderson, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ. with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Robert Arthur McNeill moved for a reduction in his child support obligations pursuant to Minn.Stat. § 518.64 (1986), alleging substantially decreased earnings. The trial court denied the motion. We reverse and remand for a hearing.

## FACTS

The parties' marriage was dissolved by judgment entered October 15, 1986. At the time of the dissolution, appellant was employed on a three-month contract by the Hennepin County Property Management Department and was earning a net monthly income of $1,811.86. Appellant expected this employment to continue on a full-time basis after the expiration of the contract. The trial court found appellant is qualified to work in the areas of law, real estate, investments, and business administration or management.

Based on appellant's income at the time of trial, the court ordered him to pay child support in the amount of $543.50 per month for the parties' two children. The court awarded the parties' homestead to respondent Grace Hackett McNeill, subject to a lien in favor of appellant in the amount of $70,126.25. The lien is to be reduced in the amount of any child support due and unpaid at the time the lien is satisfied.

On January 28, 1987, appellant's position with Hennepin County was discontinued. He has remained unemployed since that time. On February 18, 1987, appellant moved the trial court for a reduction in his child support obligations. By order filed March 11, 1987, the court denied appellant's motion.

In the memorandum accompanying the March 11 order, the court explained why the motion was denied:

This Court made its Findings, Conclusions and Order for Judgment on October 14, 1986, following a protracted trial and a great deal of contemplation and deliberation. Considering the nature of, and the problems of the family, a decision was made with the utmost care. There was no way a Judge can remedy the family problems mainly because [appellant] is unable to obtain employment. At the time of the trial, he was employed for a limited period in the Real Estate Department of the County of Hennepin. Since that time he has lost that position.

Even though [appellant] is a licensed attorney, as a practitioner he was not successful. As an employee, he has difficulty obtaining or holding a position. The Court does not believe it is realistic to order him to increase his payments. On the other hand, it would not be equitable to increase his claim regarding non-marital assets.

\* \* \* \* \* \*

The motions of the parties would require a complete restructuring of the previous Court's decision. I do not believe that would result in an equitable solution.

## ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion?

2. Is respondent entitled to attorney fees on this appeal?

## ANALYSIS

A. *Procedural History*

Appellant's motion, at first view, appears to be one to amend the findings of fact and conclusions of law contained in the original judgment and decree. The judgment was entered October 15, 1986, and no motion for a new trial was made.

A careful reading of the motion reveals that appellant was actually seeking a modification of the decree, claiming a signifi-

cant change of circumstances post-trial. It is in that light that we review this matter on appeal.

 We note that respondent had filed a cross-motion in the trial court for amendment of the decree with respect to child support and other matters. This motion was also denied. The appeal here is from the order denying the motion to amend the decree. This order is appealable as of right. Minn.R.Civ.App.P. 103.03(g). *See Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985).

The procedural posture of this case is somewhat confusing. The decree was entered the same date the findings were signed, and instead of challenging the findings based upon the trial record, appellant moved to amend the decree post-trial by claiming a change of circumstances between the entry of the decree and the time of the motion. The order denying this motion is appealable.

### B. *Modification of Support*

Minn.Stat. § 518.64, subd. 2 permits modification of a decree with respect to child support "upon a showing of * * * substantially increased or decreased earnings of a party * * * which makes the terms unreasonable and unfair." A modification is not proper if the support obligor "has not made a reasonable effort by means of his own selection to conform to an order well within his inherent but unexercised capacities." *Giesner v. Giesner,* 319 N.W.2d 718, 719–20 (Minn.1982) (quoting *Hopp v. Hopp,* 279 Minn. 170, 176, 156 N.W.2d 212, 217 (1968)). The record does not indicate whether the appellant has made a reasonable effort to conform to the child support obligations in the judgment and decree. Where the record does not show this essential fact, the matter must be remanded. *Hopp,* 279 Minn. at 175, 156 N.W.2d at 217.

Inasmuch as the trial court did not evaluate appellant's efforts to obtain employment commensurate with his abilities, this matter must be remanded for further proceedings. *See Giesner,* 319 N.W.2d at 720. On remand, a hearing must be held to determine appellant's ability to pay his support obligations and whether he has made a good faith effort to obtain employment which will allow him to meet his obligations.

Respondent's request for attorney fees is denied.

### DECISION

This case is remanded to the trial court to conduct a hearing on appellant's ability to pay his support obligations and whether he has made a good-faith effort to obtain employment.

Reversed and remanded.