In re the Marriage of Howard Kenneth **PETSCHEL, Petitioner, Respondent,**

v.

**Eugenie de Rosier PETSCHEL, Appellant.**

No. C3-86-2063.

Court of Appeals of Minnesota.

June 9, 1987.

David A. Hart, St. Paul, for respondent.

Morley Friedman, St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

The wife in this marriage dissolution action appeals several issues from the judgment and amended judgment entered below. We affirm in part, reverse in part and remand.

## FACTS

Respondent Howard Petschel and appellant Eugenie de Rosier Petschel were married in 1972. They have three daughters, now ages 14, 12, and 10. Appellant commenced an action for dissolution in November 1984. On March 11, 1985, a temporary order was issued awarding appellant $819

per month child support, $400 per month temporary maintenance for one and one-half years, and $522 in temporary attorney's fees.

Respondent, age 45, is employed by the U.S. Postal Service as a postal inspector, with a net monthly income at the time of the decree of $2,310.83. The trial court found his reasonable monthly living expenses, not including child support, to be $1,005.

Respondent has a vested interest in a mandatory pension plan under the United States Civil Service Retirement System. It is undisputed that the early retirement provisions of the plan require him to retire by age 55 and that he will do so. The present discounted value of his benefits if he retires at age 55 is $115,040; if he retires at age 50 it is $186,522. Assuming respondent retires between the ages of 50 and 55, his annual pension benefits, based on his current salary, would be $16,891.

Appellant, age 38, has a bachelor's degree and has done some post-graduate work. Although she was a full-time homemaker during the marriage, she also did some freelance writing and had several works published. In addition, she occasionally modeled. Her income from these sources was nominal. From the time of the separation until the trial, appellant had many job interviews but was unable to secure employment.

Appellant claimed that her actual monthly financial need for herself and the children was $2,769.67; however, the trial court found the family's living expenses to be $1,976 per month. Between the time of the parties' separation and the final hearing, appellant took the children to a psychologist, incurring a debt of $545. The parties' other debts at the time of the decree totaled $7,215. Each party incurred attorney's fees of approximately $8,000.

In the dissolution decree, the trial court awarded appellant a fixed dollar amount of her interest in respondent's pension, payable in monthly installments when respondent retires. That amount was one-half of respondent's projected annual benefits, based on his current salary, or $8,445.50 per year. The court also awarded appel-

lant six additional months of temporary maintenance (for a total of two years at $400 per month). The court declined to award permanent maintenance or permanent attorney's fees.

The trial court also ordered $808.79 per month child support in accordance with the statutory guidelines. Appellant's request for an upward departure to $940 per month was denied. Her request for all proceeds from the sales of real property was also denied. Instead, the court equally divided the proceeds from the sale of the parties' homestead ($11,308.17) and ordered the parties to sell their Colorado property (valued at approximately $4,500) and divide the net proceeds equally.

Appellant was ordered to pay the psychologist's bill, and respondent was held responsible for the balance of the debts not previously paid from the sale of the homestead. These debts consisted of consumer bills and indebtedness to respondent's credit union totalling over $5,000.

## ISSUES

1. Did the trial court err by awarding appellant a fixed dollar amount, rather than one-half of a fixed percentage of the marital share, of the deferred benefits of respondent's pension?

2. Did the trial court abuse its discretion by awarding temporary maintenance for a total of two years, by refusing to depart upward from the statutory child support guidelines, by refusing to award appellant all of the proceeds from the sales of the parties' real property, or by holding appellant liable for certain debts incurred after the parties' separation?

3. Did the trial court abuse its discretion by failing to award appellant attorney's fees?

4. Did the trial court err in failing to include in the dissolution decree the statutory cost-of-living provision of Minn.Stat. § 518.641 (1986)?

## DISCUSSION

### I

■ Because respondent lacks the assets necessary to satisfy appellant's share of

the discounted current value of his pension benefits, payment must be postponed until respondent begins to collect his benefits. *See Kottke v. Kottke,* 353 N.W.2d 633, 637 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984). The trial court awarded appellant half of the amount to which respondent would be entitled assuming he retires between the ages of 50 and 55, based on his current salary. That amount was $8,445.50 per year, which respondent was to pay in monthly installments of $703.79. Appellant claims the trial court should have awarded her a fixed percentage, i.e., one-half, of the marital portion of each future pension payment, as determined by the following formula:

> the numerator of the fraction being the number of years (or months) of marriage during which benefits were being accumulated, the denominator being the total number of years (or months) during which benefits were accumulated prior to when paid.

*Janssen v. Janssen,* 331 N.W.2d 752, 756 (Minn.1983) (quoting *In Re Marriage of Hunt,* 78 Ill.App.3d 653, 663, 34 Ill.Dec. 55, 397 N.E.2d 511, 519 (1979)).

In *Taylor v. Taylor,* 329 N.W.2d 795, 799 (Minn.1983), the supreme court held that the fixed percentage method advocated by appellant should be used when "there are not enough assets to equitably require that benefits due in the future be split presently." That holding was followed in *Kottke,* in which this court held:

> The *Taylor* decision also calls for use of the fixed percentage method when calculation of present value benefits will be speculative. Because appellant's benefits will vary depending on his choice of a retirement date, evidence does not reasonably support a correct calculation of value in this case. A proper valuation is also impaired by the risk of appellant's death before age 50. The accuracy and fairness of pension valuations is always threatened by differences between life expectancy predictions and the actual life span of each party.

*Kottke,* 353 N.W.2d at 637.

The *Taylor* and *Kottke* decisions indicate that the trial court should have used the fixed percentage rate here. The fixed percentage rate is a more accurate method of determining the payments due the pensioner's spouse, because it does not require the court to estimate the amount the future pensioner will receive when he or she retires. The spouse simply receives a percentage of the pension benefits as they are paid out. In addition, the fixed percentage rate will reflect post-retirement cost-of-living increases in the pension, while the fixed dollar method used below would not.

Respondent argues that appellant should not benefit from his future salary increases that are attributable exclusively to his own efforts, such as increases resulting from promotions. This is a legitimate concern. Therefore, we hold that, once the pension becomes payable, the pensioner may present evidence showing what part of the post-dissolution salary increases are attributable solely to his own efforts, such as increments resulting from promotions. Those amounts may be excluded from division.

■ Appellant objects that the trial court did not provide for either a survivor's annuity or for direct payment to her, as federal law provides. Respondent's pension plan provides for a survivor's annuity "if and to the extent expressly provided for" in the decree. 5 U.S.C.A. § 8341(h)(1) (Supp.1987). The plan similarly provides that benefits will be paid directly to a spouse "if and to the extent expressly provided for" in the decree. 5 U.S.C.A. § 8345(j)(1) (1980). These provisions are not mandatory, but discretionary. We hold the trial court's rulings to have been within the scope of its discretion.

## II

■ Appellant contends the trial court abused its discretion by awarding temporary maintenance for only six months (for a total of two years), by refusing to depart upward from the statutory child support guidelines, by refusing to award her all of the proceeds from the sales of the parties' real property, and by holding her liable for the psychologist's bills incurred after the

parties' separation. As to all of these issues, a trial court's decision will be reversed only upon a showing of a clear abuse of discretion. *See Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982) (maintenance award); *Martin v. Martin,* 364 N.W.2d 475, 478 (Minn.Ct.App.1985) (child support); *Bogen v. Bogen,* 261 N.W.2d 606, 609 (Minn.1977) (property division).

The record shows that appellant has a bachelor's degree, has written and published numerous articles as a freelance writer, and has done some modeling. The trial court found her to be a "pleasant, well-spoken, educated woman who will be able to find suitable employment to meet her financial needs." The court had awarded one and a half years' maintenance by a temporary order, so the total period was two years. These factors support the trial court's determinations and show that the court did not abuse its discretion.

### III

■ Minn.Stat. § 518.14 (1986) provides that the trial court, after considering both parties' financial resources, may require one party to pay a reasonable amount necessary to enable the other spouse to carry on the dissolution proceeding and to pay attorney's fees. Appellant's lack of employment history and lack of current assets from which attorney's fees could be paid dictate that we remand for an award of reasonable attorney's fees in accordance with the statute. *See Nash v. Nash,* 388 N.W.2d 777, 782 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 20, 1986); *Schultz v. Schultz,* 383 N.W.2d 379, 383 (Minn.Ct.App.1986); *Kennedy v. Kennedy,* 376 N.W.2d 702, 705 (Minn.Ct.App.1985).

### IV

The original judgment and decree in this matter did not include the mandatory statutory provision for a cost-of-living increase. Minn.Stat. § 518.641, subd. 1 (1986). The trial court granted appellant's post-trial motion for the incorporation of that provision, but failed to include it in the amended decree. On remand we instruct the trial court to include the provision in the decree.

### DECISION

The trial court's determination on the method of payment of appellant's marital share of respondent's pension benefits is reversed. The payments shall be determined as described herein.

The trial court's determination on temporary maintenance, child support, division of property and liability for marital debts are affirmed.

This matter is remanded with instructions to award reasonable attorney's fees in accordance with Minn.Stat. § 518.14 and to include in the decree the statutory cost-of-living provision of Minn.Stat. § 518.641, subd. 1.

Affirmed in part, reversed in part and remanded.