**In re the Marriage of Nancy Alto REIF, Petitioner, Appellant,**

v.

**John William REIF, Respondent.**

**No. C2–87–279.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

Steven M. Bradt, Arthur J. Seifert, Seifert, Bradt & Ewens, Grand Rapids, for appellant.

Harry R. Chalupsky, Chalupsky, Nyberg & Hawkinson, Ltd., Grand Rapids, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

In this appeal from a dissolution judgment and decree, appellant Nancy Reif contends the trial court abused its discretion in awarding her $400 a month temporary maintenance and in failing to award her attorney fees. We affirm in part, reverse in part and remand.

## FACTS

In January 1987, the 23–year marriage of appellant and respondent John Reif was dissolved. The parties, ages 42 and 46 respectively, have four children. The parties stipulated to all issues except maintenance and attorney fees. Respondent was granted physical custody of the two minor children. He also maintains responsibility for the older children's college expenses.

Respondent's salary exceeds $60,000 a year. His net monthly income is $3,125. The trial court found his monthly expenses to be $2,000 although respondent had listed his expenses at $2,700. Appellant currently attends college and plans to receive a nursing degree in three years. She worked outside of the home only for two brief periods during the marriage. She receives no regular income while attending college, but stated that she planned on obtaining a part-time job. She also obtained $5,000 in student loans to cover tuition. While she listed her reasonable monthly expenses at $1,400, the trial court found her monthly expenses equaled $1,800.

At trial, appellant requested temporary maintenance to cover her monthly expenses of $1,400 during the three-and-one-half years of her education, and in the alternative, requested permanent maintenance in a reasonable amount. Further, she requested respondent pay the $3,650 she incurred in attorney fees.

The trial court awarded appellant $400 a month maintenance for four years. Pursuant to the parties' stipulation, respondent was awarded the homestead, and ordered to pay appellant $16,200 for her interest in the property. Certain securities and respondent's pension also were equally divided between the parties pursuant to their stipulation. The court denied appellant's request for attorney fees. Appellant did not file a motion for a new trial, and appeals directly from the judgment and decree.

## ISSUES

1. Did the trial court err in awarding appellant $400 a month temporary maintenance?

2. Did the trial court err in failing to award appellant attorney fees?

### ANALYSIS

■ The scope of review on appeal from a judgment where there has been no motion for a new trial is limited to determining whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

### I.

■ Generally, the trial court has broad discretion in deciding the duration and amount of maintenance. *Napier v. Napier,* 374 N.W.2d 512, 515 (Minn.Ct.App. 1985). The trial court's decision must be examined in light of the factors enumerated in Minn.Stat. § 518.552 (1986). *Id.* The basic issue in maintenance awards is the financial needs of the spouse receiving maintenance and the ability to meet those needs, balanced against the financial condition of the spouse providing maintenance. *Id.,* Minn.Stat. § 518.552, subd. 2(a), (g). Additional applicable factors include the time necessary for the spouse seeking maintenance to acquire adequate education and become self-supporting, the spouse's age, the standard of living established during the marriage, the length of absence from the work force, and the homemaker's contribution to the family and the career of the working spouse. *Id.,* Minn.Stat. § 518.-552, subd. 2(b)–(h). Each case must be determined on its own facts and no single statutory factor is dispositive. *Erlandson v. Erlandson,* 318 N.W.2d 36, 39 (Minn. 1982).

■ Under this court's limited scope of review, appellant's claim is restricted to whether the trial court's temporary maintenance award is supported by the findings of fact and the evidence. The court awarded $400 a month maintenance despite finding appellant's monthly expenses to be $1,800 exclusive of school costs. Even if the record supports a finding of only $1,400 monthly expenses, those expenses remain significant compared to the maintenance award. In contrast, respondent's net monthly income was found to be $3,125, and his monthly expenses to be $2,000. While these findings result in appellant's monthly expenses exceeding her income by $1,400 (or by $1,000 by a conservative assessment), respondent's monthly income exceeds his determined expenses by $1,125. Thus, appellant is forced to exist at a subsistence level while respondent has excess income to assist in meeting the needs of both parties. In addition, our review of the record does not disclose to what extent, if any, the trial court accepted as proper expenses respondent's financial contributions to the parties' adult children. While such contributions are commendable evidence of a parent's continued concern for and support of children who are no longer minors, such contributions cannot be considered by a court in determining an appropriate level of maintenance. *Musielewicz v. Musielewicz,* 400 N.W.2d 100, 103 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Mar. 25, 1987).

A review of the factors listed in Minn. Stat. § 518.552 demonstrates support for an increased maintenance award. First, the appellant has incurred significant education expenses and will continue to incur expenses in the next three years before she becomes self-supporting. Further, during the marriage she enjoyed a rather affluent lifestyle while her current standard of living is substantially lower. Finally, consideration of her age, her 20–year absence from significant employment, and her contribution as a homemaker, causes us to conclude that as a matter of law she is entitled to increased temporary maintenance. The trial court erred in awarding only $400 a month temporary maintenance. The evidence fails to sustain the trial court's conclusions of law and judgment, and we remand for further proceedings.

### II.

■ The award of attorney fees in dissolution actions rests almost entirely within the trial court's discretion. This discretion is so broad that a reviewing court rarely will reverse. *Rosenberg v. Rosenberg,* 379

N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Feb. 19, 1986). The trial court refused to award attorney fees since respondent had no liquid assets and since any payment would reduce the children's standard of living. Moreover, the court found that appellant's property settlement left her in a position to pay attorney fees. Given the broad discretion afforded the trial court in these matters, we find the evidence and findings of fact sustain the conclusion against awarding attorney fees.

## DECISION

The trial court's award of temporary maintenance is reversed and remanded. The trial court did not abuse its discretion in failing to award appellant attorney fees.

Affirmed in part, reversed in part and remanded.