In re the Marriage of Judith Kitchin
**BOLITHO, petitioner, Respondent
(C1–87–1603), Appellant (C5–87–1619),**

v.

**James Morey BOLITHO, Appellant
(C1–87–1603), Respondent
(C5–87–1619).**

Nos. C1–87–1603, C5–87–1619.

Court of Appeals of Minnesota.

April 19, 1988.

Marilyn J. Michales, Doyle and Michales, Minneapolis, for Judith Kitchin Bolitho.

Theo Wangensteen, Jr., Minnetonka, for James Morey Bolitho.

Heard, considered and decided by LANSING, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

Appellant Judith Kitchin Bolitho and respondent James Morey Bolitho have both appealed the trial court's actions in this case; appellant from the amended judgment entered May 18, 1987 (the original judgment was entered January 23, 1987) and respondent from both the May 18 judgment and the August 3, 1987, order of the trial court denying his motion for amended findings or a new trial. The parties' two appeals were consolidated by order of this court dated September 2, 1987. Appellant argues that the trial court erred in failing to make its award of spousal maintenance permanent and in ordering respondent to pay only a portion of appellant's attorney fees. Respondent argues that the trial court should have amended that portion of the May 18, 1987 judgment which pertains to the division of his pension benefits. We affirm in part, reverse in part and remand.

## FACTS

Appellant and respondent were married on August 7, 1965, and have two children: one born April 10, 1968, and one born August 12, 1970. Respondent is an employee of Connecticut General Life Insurance Company with a gross monthly income of approximately $8,000. Under the terms of respondent's pension plan, the final benefit received will be based on the average of his salary earned during the last three years before retirement. Appellant has a master's degree in elementary education and is employed part-time as a substitute teacher and as a sales clerk. Her gross monthly income is $550. She is currently seeking full-time employment as a teacher. The trial court found that appellant's "future employment and income [are] uncertain."

Following the filing of the original judgment, both parties timely moved to amend it. However, neither party moved to amend that portion of the judgment which divided respondent's pension benefits. On May 15, 1987, the trial court issued its order amending the January 23 decree. That order, relevant to issues now on appeal, added the words "her future employment and income [are] uncertain" to the findings on maintenance; increased maintenance to $1,450 per month (from $950 originally provided); provided maintenance payments were to cease January 31, 1989 (instead of January 31, 1990 as originally provided), and provided for a reservation of maintenance after payments ceased; and increased respondent's contribution toward appellant's attorney's fees to $2,500 (from $1,500 originally ordered).

An amended decree incorporating the provisions of the May 15, 1987, order was entered on May 18, 1987. On June 16, 1987, respondent moved the court for amended findings of the May 18th decree or in the alternative a new trial. The sole issue raised in respondent's motion was division of his pension interest. In reliance on *Petschel v. Petschel*, 406 N.W.2d 604 (Minn.Ct.App.1987), respondent argued that the judgment's current pension division gives appellant a larger share than she is entitled to receive. In denying respondent's motion, the trial court stated:

> The Respondent's Motions for Amended Findings have been denied for the reason that they were untimely, nor has good cause been shown pursuant to the Rules to extend the time for filing such motion. The issues now raised are supported by facts not presented at the trial. Respondent's argument admits that the facts now raised were known at the time of the trial but were not dealt with at that time nor by Respondent's last Motion for Amended Findings. This was so it was said because there was no case law. This certainly did not prevent addressing the areas concerned at that time. * * *.

Respondent seeks review of this order and of the May 18, 1987, judgment. Appellant appeals from the May 18, 1987, judgment.

## ISSUES

1. (A) Is respondent's challenge to portion of amended judgment unchanged from original judgment reviewable?

(B) Did trial court err in dismissing respondent's motion to amend portion of amended judgment?

2. Did the trial court err in granting maintenance to appellant for two years with retained jurisdiction over the issue?

3. Did the trial court abuse its discretion in granting appellant only part of her attorney fees?

## ANALYSIS

### I.

Respondent asks this court to review both the trial court's denial of his motion for amended findings and the amended judgment itself.[1] The sole issue he raises is division of his pension interest. Our analysis of the appealability of this issue causes us to conclude that we cannot grant review to respondent.

■ A. While respondent's appeal from the amended decree was brought within 90 days from its entry, the provision he challenges now was not challenged in the motion to amend the original decree. Therefore, the holding of *Dennis Frandsen and Company, Inc. v. County of Kanabec,* 306 N.W.2d 566 (Minn.1981) applies:

"[T]he time to appeal an issue begins to run anew from a modification of judgment when the issue was for some reason not appealable before the modification." * * * The time to appeal * * * does not begin to run anew by reason of

an amendment which leaves that determination undisturbed.

*Id.* at 570 (citation omitted).

Respondent does not deny that the issue of division of his pension interest could have been raised in a direct appeal from the original judgment or in a motion to amend its provisions. Instead, he argues that this court issued its opinion in *Petschel* only after it was no longer possible for him to seek any relief under the January 23 decree. We agree with the trial court in its observation that:

[r]espondent's argument admits that the facts now raised were known at the time of the trial but were not dealt with at that time or by the * * * last motion for Amended Findings. This was so it was said because there was no case law. *This certainly did not prevent addressing the areas concerned at that time.*

(Emphasis added). Finally, we note that the relief respondent seeks pursuant to *Petschel* goes beyond any granted by this court in that matter.[2]

■ B. We conclude from our analysis of respondent's appeal from the May 18 decree that the trial court did not err in dismissing as untimely respondent's motion brought in connection with that decree. When the January 23 decree was entered, respondent knew what decisions had been made by the trial court regarding the pension interest. Respondent could have expressed his concerns about the pension provision in his motion to amend the January 23 decree. He did not. Instead he waited until after entry of the May 18 decree to do so.

■ *Frandsen* made clear that the time to appeal portions of a judgment unaffect-

1. As respondent has himself appealed the orders of the trial court and has not filed a notice of review pursuant to Minn.R.Civ.App.P. 106, this case is not governed by the decision in *Kostelnik v. Kostelnik,* 367 N.W.2d 665 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. July 26, 1985).

2. Respondent seeks to ensure that appellant not benefit from any post-decree salary increases respondent may receive. The *Petschel* court ruled only that:

[O]nce the pension becomes payable, the pensioner may present evidence showing what

part of the post-dissolution salary increases are attributable solely to his own efforts, such as increments resulting from promotions. Those amounts may be excluded from division.

*Petschel,* 406 N.W.2d at 607. Even under *Petschel,* respondent's concerns are premature. Nothing in the judgment, as it currently stands, prevents respondent from making a future showing regarding what portion of his pension is the result of post-dissolution increases in his salary.

ed by an amended judgment does not begin to run anew as to the unchanged portions. Similarly, the time in which to move to amend unchanged portions of a judgment does not begin to run anew with the filing of an amended judgment.

## II.

Appellant argues first that the trial court improperly awarded only limited maintenance. We recognize that a trial court's decision regarding maintenance should not be disturbed absent an abuse of discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). Furthermore, a trial court, in its discretion, may award either temporary or permanent maintenance as warranted by the specific circumstances. *Halvorson v. Halvorson,* 402 N.W.2d 168, 170 (Minn.Ct.App.1987). However, "where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification." Minn.Stat. § 518.552, subd. 3 (1986). *See Nardini v. Nardini,* 414 N.W.2d 184, 198 (Minn.1987); *Garcia v. Garcia,* 415 N.W.2d 702, 704 (Minn.Ct.App.1987).

In its amended findings the trial court noted that appellant's "future employment and income [are] uncertain." In view of this finding, we believe that the award of limited maintenance in this instance was improper. Minn.Stat. § 518.552, subd. 3, leaves little room for the exercise of discretion where the need for permanent maintenance is in question. In this case, the trial court's own observations regarding uncertainty require, we believe, an award of permanent maintenance. We remand for entry of such an award.

## III.

Appellant next argues that the trial court's award of only $2,500 in attorney fees was improper. Trial courts have broad discretion to award attorney fees, and the award will not be disturbed in the absence of a clear abuse of discretion. *Peterson v. Peterson,* 274 Minn. 568, 570, 144 N.W.2d 597, 599–600 (1966); *Benedict v.*

*Benedict,* 361 N.W.2d 429, 433 (Minn.Ct. App.1985).

Appellant argues the award of attorney fees, amounting to 26.3% of the total fees incurred, was not a large enough percentage of those total fees. However, we cannot answer the question of whether a trial court has abused its broad discretion in this area by simply looking at percentages. Minn.Stat. § 518.14 (1986) provides that attorney fees are to be awarded in amounts "necessary to enable [one] spouse to carry on or to contest the proceeding." The thrust of appellant's argument is, in effect, that respondent is in a better position to pay her attorney fees than is she. However, we are unable to find any abuse of discretion in the level of attorney fees awarded her.

## DECISION

This court cannot review on appeal that portion of an amended judgment unchanged from the original judgment. The trial court properly denied respondent's motion to amend the amended judgment. The trial court erred in awarding appellant temporary maintenance in light of the uncertainty regarding her future employment and income. It was not an abuse of discretion to award appellant only a portion of her attorney fees.

Affirmed in part, reversed in part and remanded.