In re the Marriage of Arlene C.
SCHREIFELS, Petitioner,
Appellant,

v.

Ervin J. SCHREIFELS, Respondent.

No. C3-89-845.

Court of Appeals of Minnesota.

Jan. 23, 1990.

Thomas W. Lies, Schroeder, Pennington & Lies, St. Cloud, for appellant.

Gerald R. Grote, Rinke-Noonan, St. Cloud, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and KLAPHAKE and FLEMING,* JJ.

## OPINION

WILLIAM J. FLEMING, Judge.

In this marriage dissolution proceeding, Arlene Schreifels challenges the amount and duration of her spousal maintenance award. We affirm in part and reverse in part.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

On April 22, 1988, appellant Arlene Schreifels, now 54, petitioned to dissolve her marriage with respondent Ervin Schreifels, now 60. The parties had been married for 31 years. Following trial of this matter, the trial court found that Arlene was unemployed with little or no marketable skills. The court further found that investment earnings would provide her with $150 in monthly net income following dissolution. The trial court found that Ervin's net income averaged between $1,550 and $1,675 each month. Both parties had monthly living expenses between $1,000 and $1,100. Thus, their combined earnings did not meet their combined expenses.

The trial court directed Ervin to pay Arlene $650 in monthly maintenance for 18 months, $500 for the next 18 months, $250 for the next 36 months, and $200 thereafter until either party dies. Arlene moved for an amended judgment or a new trial. After denial of her motion, Arlene appealed to this court, challenging the amount and duration of her maintenance award.

## ISSUES

1. Did the trial court err in determining the net incomes of the parties?

2. Did the trial court abuse its discretion with regard to the amount and duration of Arlene's maintenance award?

## ANALYSIS

### I. *Findings of Fact*

■ Under Minn.Stat. § 518.552 (1988), the trial court must take into account a variety of factors when deciding the appropriate amount and duration of spousal maintenance. Among other things, the trial court must consider the ability of the spouse seeking maintenance to meet needs independently and also the ability of the spouse from whom maintenance is sought to pay maintenance. Minn.Stat. § 518.552, subds. 1(a) and 2(g). In order to properly

consider the financial ability of a spouse, the court must determine the spouse's net or take-home income. *Kostelnik v. Kostelnik,* 367 N.W.2d 665, 670 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. July 26, 1985). Arlene argues that the trial court's net income determinations were incorrect. We must review the evidence and decide whether the trial court's findings were clearly erroneous. Minn.R.Civ.P. 52.01.

### A. *Arlene's Net Income*

■ The trial court found that after dissolution, Arlene would have a net monthly income of $150, not counting maintenance. This finding was based upon Arlene's anticipated investment earnings generated from approximately $20,000 in cash which she will receive as part of her share in the marital property. This finding is not clearly erroneous. The net income determination is within a "reasonable range of figures." *See Johnson v. Johnson,* 277 N.W.2d 208, 211 (Minn.1979). We recognize that Arlene's principal may deplete in the future, resulting in significantly reduced investment earnings. If this transpires, she is free to petition for modification.

### B. *Ervin's Net Income*

■ The trial court found that Ervin's net income averaged between $1,550 and $1,675 each month.[1] This income determination is not clearly erroneous. Ervin's tax returns show that he grossed $25,814 in 1987. Deducting the amounts withheld from his salary for taxes and medical insurance, Ervin netted $1,558 per month in 1987. These facts support the trial court's determination that Ervin's monthly net income averaged between $1,550 and $1,675.

### II. *Spousal Maintenance Award*

■ The amount and duration of a maintenance award is committed to the trial court's broad discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982).

---

1. In a memorandum to its order denying Arlene's motion for an amended judgment, the trial court made a second income determination, finding that Ervin's net income averaged out to $1450 each month. This finding was not incorporated into the judgment. We consider only the trial court's first income determination, which favors Arlene.

Arlene contends that the trial court abused its discretion by awarding her only $650 in monthly maintenance. This argument is meritless. The trial court's findings reasonably support its $650 award. *See Cich v. Cich,* 428 N.W.2d 446 (Minn.Ct.App.1988) (holding that maintenance award of $800 per month was high, but reasonable, under similar facts).

Arlene also argues that the trial court abused its discretion when it ordered a step reduction in her maintenance award. She contends that the award's built-in reductions are contrary to Minn.Stat. § 518.552, subd. 3 (1988). Under this statute:

> Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

Arlene asserts that there is substantial uncertainty as to whether future circumstances will justify the trial court's built-in reductions (which, in effect, render temporary $450 of the $650 maintenance award). For this reason, Arlene argues, the court should have awarded her $650 in permanent monthly maintenance, leaving its order open for later modification.

We agree. Trial courts have broad discretion in establishing maintenance plans, including the use of step reductions. However, under the facts of this case, the step reduction was inappropriate. The trial court predicated its step reduction upon two uncertain assumptions: (1) that Arlene's income will soon increase and (2) that Ervin's income will soon decrease. There is significant doubt as to whether Arlene can increase her income enough to fill the gap that will be caused by the step reduction. She is a middle-aged, traditional homemaker with poor health and with few marketable skills. *See Nardini v. Nardini,* 414 N.W.2d 184, 197–199 (Minn.1987). It is similarly unclear whether Ervin's earnings will soon decrease. He may retire in 1991, but he might not retire until 1994. In light of these uncertainties, the trial court should have left its order open for further modification rather than building in automatic reductions. *See Fredriksen v. Fredriksen,* 368 N.W.2d 769, 776 (Minn.Ct. App.1985) (holding under similar circumstances that step reduction was unwarranted).

## DECISION

We reverse the trial court's maintenance step reduction. In all other respects, we affirm.

Affirmed in part and reversed in part.