**In re the Marriage of Donna Mae REINKE, Petitioner, Appellant,**

v.

**Martin Friedrich REINKE, Respondent.**

No. C9–90–1648.

Court of Appeals of Minnesota.

Dec. 24, 1990.

Craig S. Hunter, Park Rapids, for appellant.

Mary Kay Klein, Carpenter, Benshoof & Klein P.A., Bemidji, for respondent.

Considered and decided by FOLEY, P.J., NORTON and KALITOWSKI, JJ.

## OPINION

FOLEY, Judge.

Donna Mae Reinke appeals the trial court's judgment automatically reducing permanent spousal maintenance in two years and denying her attorney fees. We affirm in part, reverse in part and remand.

## FACTS

Donna and respondent Martin Friedrich Reinke were married on December 21, 1956. Donna, although previously employed at approximately $6 to $7 per hour, has not worked outside of the home for the past four years. She has been babysitting, however, which provides a small amount of income, and she is currently training to become a foster parent. The trial court found that Donna's minimum monthly expenses are approximately $815 to $865. Upon dissolution of the marriage, the trial court awarded her marital property valued at $63,754, which included the homestead with 160 acres. She also has separate, nonmarital property that includes a 1981 Harley Davidson motorcycle and a small inheritance.

Martin is employed as a teacher and has a net income of approximately $1,822 per month. He was awarded marital property valued at $54,301.63, which included 150 acres of land and ownership of two retirement accounts. Martin's expenses are approximately $1,300 per month. The trial court also ordered him to pay the parties' delinquent 1989 real estate taxes in the amount of approximately $594 and all costs connected with having group medical and dental insurance coverage continued for Donna through his employer.

The trial court directed Martin to pay Donna $350 per month in permanent maintenance to begin in April 1990 and to continue for two years. Thereafter, the amount is to be reduced to $150 per month, subject to future modification. Each party was also ordered to pay his or her own attorney fees.

On May 4, 1990, Donna moved the trial court to amend its findings to provide that the award of permanent maintenance remain at $350 per month, subject to future modification, and to provide that Martin pay Donna reasonable attorney fees. On May 9, 1990, Martin moved the court to amend its findings to provide that Donna did not help Martin in obtaining his teaching degree.

The trial court denied the motions of both parties in an order filed on June 11, 1990. Donna now appeals the April 19, 1990 judgment, claiming the trial court abused its discretion in reducing her spousal maintenance award from $350 per month to $150 per month in two years and that the trial court abused its discretion in not awarding her reasonable attorney fees.

## ISSUES

1. Did the trial court abuse its discretion in ordering an automatic reduction in its permanent spousal maintenance award?

2. Did the trial court abuse its discretion in denying attorney fees?

## ANALYSIS

■ 1. In dissolution cases, the trial court has broad discretion in setting the amount and duration of spousal maintenance awards. *Zamora v. Zamora,* 435 N.W.2d 609, 611 (Minn.App.1989). An abuse of discretion will be found only if there is "a clearly erroneous conclusion that is against logic and the facts on record." *Id.* (citing, *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). The award must not be disturbed if it has a "reasonable and acceptable basis in fact and principle." *DuBois v. DuBois,* 335 N.W.2d 503, 507 (Minn.1983) (citing *Bollenbach v. Bollenbach,* 285 Minn. 418, 426–27, 175 N.W.2d 148, 154 (1970)).

■ Once the trial court has determined that maintenance is appropriate under Minn.Stat. § 518.552, subd. 1 (1988), it must take into account a variety of factors in determining the amount and duration of the maintenance award. The trial court must consider the financial resources of each party, the time the recipient needs to acquire education leading to appropriate employment, the couple's previous stan-

dard of living, the duration of the marriage, the length of absence from employment, the age and physical condition of the spouse, the providing spouse's ability to meet both of their needs, and the contributions of the parties in acquiring marital property. Minn.Stat. § 518.552, subd. 2(a)-(h) (1988). In short, the court must balance Donna's needs and ability to meet those needs against Martin's ability to provide financial support. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn.1982).

To assist the court in making its determination as to the duration of the maintenance, the statute also provides in subdivision 3 that:

> Nothing in this section shall be construed to favor a temporary award of maintenance over a permanent award, where the factors under subdivision 2 justify a permanent award.

> Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

Minn.Stat. § 518.552, subd. 3.

In this case, the trial court found Donna had minimum monthly expenses of approximately $815 to $865 and financial resources of a small inheritance and a minimal amount from babysitting. Taking those facts into consideration, the court specifically stated in its memorandum: "It appears then, that [Donna] needs some continued assistance to meet her reasonable needs." In arriving at this decision, the court noted that although Donna

> is currently training to become a foster parent, and has the potential to earn a respectable income, but any job opportunity in the area is speculative at this point.

The court also found Martin's income of $1,822 per month, set off by his expenses of approximately $1,300 per month, to be a sufficient amount to allow him to provide some assistance.

The trial court indicated Donna had established the need for maintenance because she was unable to provide adequate self-support. The trial court also properly considered Minn.Stat. § 518.552, subd. 3 in order to determine the award's duration. The court specifically stated that Minn. Stat. § 518.552, subd. 2(a)-(h), and subd. 3, justify an award of permanent maintenance. However, the court concluded that Martin should provide to Donna $350 per month for the first two years and $150 per month thereafter, subject to future modification. In effect, the trial court granted Donna only temporary maintenance.

■ Martin contends that the trial court was awarding Donna permanent maintenance of $150 per month with an additional $200 per month for the first two years to assist Donna in obtaining employment or establishing the foster care program. Martin also contends that, because the trial court retains jurisdiction over this issue on a permanent basis, it is premature to hear this appeal. Either party will have the right to make a motion to the trial court when a change in circumstances demands a change in the award.

As support for his contention, Martin cites *Driscoll v. Driscoll*, 414 N.W.2d 441 (Minn.App.1987). However, *Driscoll* merely stands for the proposition that where a trial court has reserved the issue of awarding spousal maintenance until the end of rehabilitative maintenance, it is premature to challenge that reservation of maintenance because the spouse could still move the trial court to modify the maintenance provision near the end of the rehabilitation period. *Id.* at 446–47. In *Driscoll*, the trial court had awarded rehabilitative maintenance to a 44–year–old spouse for a period of three years so that she could complete her college degree and become self-supporting. *Id.* at 443, 446. The court was reserving the issue of awarding further maintenance until the end of the three years so as to be in a better position to determine whether the spouse had become self-supporting. *Id.* at 446.

In this case, the trial court did not make any such reservation. Here, the trial court has already awarded Donna permanent maintenance. Unlike *Driscoll*, the challenge here is not to the reservation but to the actual structure of the award given.

Therefore, the issue of spousal maintenance is not prematurely brought to this court's attention.

■ Like the rehabilitative maintenance award, the temporary maintenance award is based on the assumption that the receiving party will become self-supporting. *Nardini v. Nardini*, 414 N.W.2d 184, 198 (Minn.1987). The fact that the trial court retains jurisdiction over a temporary maintenance award "does not make temporary maintenance an acceptable alternative when it is uncertain that the spouse seeking maintenance can ever become self-supporting." *Id.* "Being *capable* of employment and being *appropriately* employed are not synonymous." *Id.* at 197 (emphasis added). Where such uncertainty exists, the statute requires that it be met with "an award of permanent maintenance with the order left open for later modification." *Id.* at 198 (citing Minn.Stat. § 518.552, subd. 3).

■ As a 54–year–old woman with questionable marketable skills and uncertain future job prospects, there remains significant doubt whether Donna can increase her income enough to fill the $200 gap caused by the future step reduction. *See id.* at 197–99 (where ability of 56–year–old to obtain employment and amount she can earn are speculative after 29 years of marriage, award should be permanent, subject to modification if circumstances change); *Schreifels v. Schreifels*, 450 N.W.2d 372, 374 (Minn.App.1990) (where similar uncertainties existed order should have been left "open for modification rather than building in automatic reduction"); *Frederiksen v. Frederiksen*, 368 N.W.2d 769, 776 (Minn.App.1985) (trial court erred when it ordered permanent maintenance reduced in anticipation of wife's gainful employment and eligibility for social security instead of ordering permanent maintenance subject to modification).

In this case, the trial court has failed to reach a conclusion that is supported by the facts. Minn.Stat. § 518.552, subd. 3 "leaves little room for the exercise of discretion where the need for permanent maintenance is in question." *Bolitho v.*

*Bolitho*, 422 N.W.2d 29, 32 (Minn.App. 1988). In light of the uncertainties as to Donna's future employment, the trial court should have left its order open for later modification rather than building in automatic reductions. The trial court has exceeded its discretion by prospectively reducing the permanent maintenance award.

We reverse the decision of the trial court and remand with direction to reinstate the award for permanent spousal maintenance in the amount of $350 per month, subject to later modification when a change in circumstances has been shown.

2. Donna also appeals the trial court's decision not to award her reasonable attorney fees. She claims the trial court abused its discretion in denying her reasonable attorney fees.

■ Minn.Stat. § 518.14 (1988) provides that

> after considering the financial resources of both parties, [the court] may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding, and to pay attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement or after entry of judgment.

The trial court's discretion is so broad in allocating attorney fees that a reviewing court rarely will reverse the trial court's determination. *Reif v. Reif*, 426 N.W.2d 227, 231–32 (Minn.App.1988) (citing *Reif v. Reif*, 410 N.W.2d 414, 416 (Minn.App. 1987)). Where the property and income of the parties is evenly balanced following reapportionment of the marital property and the award of permanent maintenance, the denial of attorney fees cannot be characterized as an abuse of discretion. *Nardini*, 414 N.W.2d at 199. Therefore, no abuse of discretion can be found to exist in this case where the parties' awards are similarly balanced.

## DECISION

The trial court abused its discretion by prospectively reducing the permanent spousal maintenance award in two years

from $350 per month to $150 per month. We reverse and remand for entry of judgment awarding Donna permanent spousal maintenance in the amount of $350 per month, subject to later modification when a change in circumstances has been shown.

We affirm the trial court's denial of attorney fees, finding no abuse of discretion following an evenly balanced reapportionment of the marital property and the award of permanent maintenance.

Affirmed in part, reversed in part, and remanded.