## HENRY MEISNER v. ESTHER MEISNER.[1]

November 2, 1945.

No. 34,074.

*L. P. Johnson,* for appellant.
*R. M. Saltness,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from a district court order and judgment adjudging plaintiff in contempt for failure to pay alimony as provided in a divorce decree. Said decree was made on December 11, 1943, and provided, among other things, for payment of $25 per month alimony by plaintiff.

On September 29, 1944, plaintiff moved to have the decree modified and to reduce the alimony payments provided for therein. This motion was denied on November 15, 1944. On March 26, 1945, the court ordered plaintiff to show cause why he should not be adjudged in contempt for failure to make the payments specified, and on April 9, 1945, made its order adjudging him in contempt for such failure. From such order this appeal is taken.

[1]Reported in 20 N. W. (2d) 486.

In the contempt proceedings no oral testimony was submitted by either party. The court's order adjudging plaintiff in contempt was based upon affidavits then submitted, as well as the files and proceedings had prior thereto. In his affidavits, plaintiff sought to establish that since the decree his financial condition had changed to the extent that he was no longer able to comply therewith. Therein financial statements were submitted showing in a general way his assets and liabilities, as well as his income and disbursements. Taken at their face value, they might establish plaintiff's inability to pay at that time, and it is his contention that, since there is nothing contrary thereto in the record, the trial court was in error in holding him in contempt.

In divorce proceedings, it is well settled that willful refusal to comply with a decree for alimony constitutes contempt. If it can be established, however, that the party required to pay such alimony is unable to do so and did not voluntarily create such disability for the purpose of avoiding payment thereof, it follows that he is not guilty of the charge. Laff v. Laff, 161 Minn. 122, 200 N. W. 936. Under our decisions, the burden rested upon plaintiff to show that he could not comply with the decree. His financial condition and income were matters peculiarly within his own knowledge, and to justify his disobedience to the decree he was required to make a frank and complete disclosure of his situation. Failure to do this in effect would constitute failure to sustain the burden which thus rested upon him and would justify the trial court in drawing the conclusion that he could pay the amount specified if he so desired, and therefore that his failure to do so constituted contempt. See, Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728; Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203. Should the trial court deem plaintiff's evidence evasive or otherwise unsatisfactory, in its discretion it might properly determine that he had deliberately avoided the obligations placed upon him by the decree and accordingly hold him in contempt. Jackson v. Jackson, 168 Minn. 196, 209 N. W. 901. The function of this court on review is limited to an examination of the evidence submitted to determine whether

the trial court's order herein was arbitrary and unreasonable or whether it finds support in the record before us. See, 1 Dunnell, Dig. & Supp. § 410, and cases cited.

Here, it appears from his pleadings and affidavits that plaintiff's changed financial condition subsequent to the date of the original order was brought about in a large measure by his own actions in making new investments in farm stock and equipment and otherwise extending himself to make additional profits. Thus, plaintiff's reply interposed in April 1943 indicates that the total value of his livestock and machinery was $2,690 and his total indebtedness $2,538. In his affidavit of September 29, 1944, the value of his livestock and machinery is fixed at $3,630 and his indebtedness at $4,834. His return of April 7, 1945, indicates that the value of his livestock and machinery had increased to $6,690.57 and his indebtedness to $7,613.10. It is obvious that his increasing assets and liabilities evidence an expansion program on plaintiff's part which nowhere included consideration of his obligations under the court's decree. Further, it is of some significance that the affidavits disclose that much of plaintiff's alleged indebtedness is owing to his relatives, neighbors, and close friends and was incurred while his responsibilities under the court order were ignored.

In addition, the return on its face does not give a complete picture of plaintiff's financial condition as of April 7, 1945, the return date. His affidavit of September 29, 1944, estimates that his 1944 crop income would equal the sum of $1,200. However, his return of April 7, 1945, does not disclose the actual income which he received from the sale of crops in 1944, nor does it indicate in any way whether his prior estimate was correct or otherwise. Further, the return of April 7, 1945, omits all reference to the period from January 1, 1945, to April 7, 1945, and terminates with the year ending December 31, 1944. It is of note that, while a great portion of plaintiff's 1944 income must have been realized after November 1944 he made no payments to defendant at any time subsequent to September 1, 1944, and made no excuse or justification for his failure in this respect.

There are many further inconsistencies and discrepancies in the affidavits submitted by plaintiff in the various proceedings above described. For example, his affidavit of September 29, 1944, establishes that at that time his livestock included three cows valued at $225. His return of April 7, 1945, however, sets forth that one of said cows was sold for $75, another for $102.96, and makes no reference to the third. In his affidavit of September 29, 1944, he asserts that he owned four horses valued at $480 and four colts worth $80. His return of April 7, 1945, shows two horses worth $50 and two colts worth $20 each, and that he sold one team for $200 and "one old horse" for $15. The difference between the two statements is unexplained. His affidavits of September 29, 1944, and November 4, 1944, show that in the fall of 1943 he purchased a new car for $990 plus $75 trade-in allowance. In his return he carries this merchandise at $750, notwithstanding the increased value of cars during such period. Many further irregularities could be pointed out.

The trial court previously had listened to plaintiff's testimony with reference to his financial condition and may have then framed its conclusions as to his truth and veracity. The court no doubt realized that no definite source of information was available to defendant to refute plaintiff's statements as set forth in his affidavits. She has been absent from plaintiff's home since the divorce action was commenced and has had no access to his books and records.

Under such circumstances, it appears that the trial court properly concluded that plaintiff's sworn statements were incomplete and subject to doubt, and that the omissions, discrepancies, and inconsistencies therein justified it in concluding that plaintiff had failed to sustain his burden of proof; therefore that he was subject to discipline for his failure to comply with the decree. We hold that the order and judgment appealed from must be affirmed.

Affirmed.