In re the Marriage of Cheryl J. **GUSTAFSON, Petitioner, Respondent,**

v.

**Dale A. GUSTAFSON, Appellant.**

**No. C1–87–791.**

Court of Appeals of Minnesota.

Oct. 27, 1987.

Kathleen M. Picotte–Newman, Jill I. Frieders, Larkin, Hoffman, Daly & Lindgren, Minneapolis, for petitioner-respondent.

Maria K. Pastoor, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order enforcing a previous order which found the appellant in constructive civil contempt for failing to pay child support, maintenance, and attorney fees. We affirm.

## FACTS

Cheryl Gustafson's and Dale Gustafson's marriage was dissolved in 1982; they have three minor children by that marriage. Dale was required to pay $650 in monthly maintenance and $150 in child support until November 1987 when he was to begin paying $400 per month for child support. In late 1985, Cheryl and Dale filed cross motions for support and maintenance modification.

In an order dated December 31, 1985, the family court referee found there was a change in circumstances rendering the original decree unreasonable and unfair. Since guideline child support was $1,750, the referee credited Dale with $650 for spousal maintenance and ordered child support increased to $1,100 per month. The order was approved by the district court judge.

Dale filed a motion requesting amended findings or reconsideration. He admitted having an estimated income of $66,500 in 1985 but asserted he had business expenses of $12,892. The referee concluded Dale's gross income was closer to $80,000, based upon his 1985 bank deposits exceeding $86,000, and affirmed the December and January orders. The order was affirmed by the district court judge and ultimately by this court. *See Gustafson v. Gustafson*, 396 N.W.2d 911, 913 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 21, 1987).

On May 2, 1986, Cheryl filed a motion to find Dale in contempt for failing to pay support and maintenance and for failing to pay certain attorney fees awarded to Cheryl by the court in earlier proceedings. Cheryl also moved for an $8,175 judgment representing child support and maintenance arrearages. At the June 6, 1986, hearing the court concluded Dale's failure to pay the obligations constituted constructive civil contempt of court and ordered Dale to serve ten days in the Hennepin County Workhouse subject to work release. The court stayed execution of the sentence on the condition that Dale make required maintenance and child support payments and pay specified amounts for arrearages and attorney fees.

In April 1987, Dale moved the court for an order changing custody and redetermining child support obligations. Cheryl filed a motion requesting enforcement of the contempt order. The court found that Dale previously had been found in constructive civil contempt and that he had not purged himself of the contempt because he made no payments under the June 27, 1986 order. Accordingly, the judge ordered Dale committed to the Hennepin County correctional facility for ten days, subject to work release. The order enforcing the contempt order contained a provision allowing Dale to effect his release by making specified payments. Dale appeals from that order.

## ISSUE

Did the district court err by enforcing the previous order for contempt and confinement?

## ANALYSIS

Minnesota courts have statutory authority to enforce maintenance and child support obligations by imposing sanctions in civil contempt proceedings. *See* Minn.Stat. § 518.24 (1984). When reviewing a district court's contempt order, this court's function

> is limited to an examination of the evidence submitted to determine whether the trial court's order * * * was arbitrary and unreasonable or whether it finds support in the record * * *.

*Meisner v. Meisner*, 220 Minn. 559, 560–61, 20 N.W.2d 486, 488 (1945). The only objective in exercising civil contempt powers in dissolution cases "is to secure compliance with an order presumed to be reasonable." *Hopp v. Hopp*, 279 Minn. 170, 173, 156 N.W.2d 212, 216 (1968). A district court's authority to exercise its contempt powers is subject to certain limitations. *See id.* at 174–75, 156 N.W.2d at 216–17. We address the factors in the order in which they were specified in *Hopp* as follows:

### (a) Jurisdiction

Both the ordering court and the enforcing court had jurisdiction to make and modify child support determinations. *See* Minn.Stat. §§ 518.17, subd. 4, 518.64, subds. 1, 2 (1984 & Supp.1985). Both courts had personal jurisdiction over Dale.

### (b) Clearly Defined Acts

Dale's obligation to pay child support was clearly defined in the dissolution decree as well as the orders amending the child support obligations. The referee's February 1986 order clearly stated Dale's obligation to pay Cheryl $500 for attorney fees.

### (c) Notice of Obligations

Dale had notice of his support obligations and the order requiring him to pay Cheryl's attorney fees, and he had a reasonable amount of time within which to comply with the courts' orders. The court ordered Dale to show cause why he should not be held in contempt for failing to pay previously ordered attorney fees and support and maintenance obligations. A hearing was held in June 1986. The June 1986 contempt order was not enforced until mid-April 1987.

### (d) Specific Grounds for Complaint

Cheryl's motion to have Dale held in contempt was supported by an affidavit stating the specific grounds for the complaint. Cheryl also detailed the factual bases for her motion to have the June 1986 contempt order enforced.

### (e) Opportunity to Show Compliance

Dale was afforded at least two opportunities to show compliance or present reasons for failing to make the ordered payments. The ordering court held a hearing June 1986 and the enforcing court held a hearing in April 1987.

### (f) Failure to Comply

The ordering court made the necessary formal determinations that Dale failed to comply with its orders and "that conditional confinement is likely to produce compliance with this Court's Orders."

### (g) Ability to Conform

Neither the ordering court nor the enforcing court abused its discretion by concluding Dale has the ability to make the ordered payments. Dale failed to provide adequate evidence of his alleged inability to pay in June 1986. *See Meisner*, 220 Minn. at 560, 20 N.W.2d at 487 (the plaintiff has the burden of showing he could not comply with the decree). Our review of the entire record convinces us that Dale currently has the capacity to make the ordered payments, but willfully and continually fails to comply with the courts' orders. The record on appeal indicates that Dale has earned and is capable of earning a substantial income.

### (h) Release by Compliance

Both the contempt order and the order enforcing the contempt order contain provisions allowing Dale to effect his release from confinement by making specified payments.

The district court did not err by vacating the stay of execution and enforcing the contempt order against Dale.

## DECISION

The district court order vacating the stay of execution and enforcing the contempt order is neither arbitrary nor unreasonable. The record evidence supports the finding that the appellant has the capacity to comply with the court's order.

Respondent's motion for damages under Minn.R.Civ.App.P. 138 is denied. Respondent is awarded $400 in attorney fees. *See* Minn.Stat. § 518.14 (1986). Her motion for allowable costs and disbursements under Minn.R.Civ.App.P. 139.02 and 139.03 is granted, provided she serves and files a notice of taxation within fifteen days after the filing of this decision.

Affirmed.