**In re the Marriage of Teresa WALKER, petitioner, Respondent,**

v.

**Richard WALKER, Appellant.**

**No. C6–97–1680.**

Court of Appeals of Minnesota.

March 3, 1998.

Review Denied April 30, 1998.

David L. Mennis, Swift County Attorney, Benson, for Respondent.

Harry D. Hohman, Wojtalewicz, Hohman & Schoep, Chartered, Appleton, for Appellant.

Considered and decided by HUSPENI, P.J., and SCHUMACHER, J., and MANSUR, J.*

## OPINION

SCHUMACHER, Judge.

Appellant Richard Walker (father) challenges the constitutionality of the Minnesota statute requiring a child support obligor to send payment to the county rather than directly to the obligee. Father challenges the statute on equal protection grounds and on the basis that a citizen cannot be imprisoned for a debt. We affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Pursuant to the parties' dissolution judgment and decree, father was required to pay child support for the parties' two children. The child support order in the judgment and decree incorporated Appendix A, which included the provisions of Minn.Stat. § 518.551, subd. 1(b) (1996). That statute allows the court to direct an obligor to pay child support to the county when an obligee has requested collection services. *Id.*

Father has continuously kept up to date with his child support obligation; he is not, nor has he ever been, in arrears. Trouble in the family relationship led respondent Teresa Walker (mother) to file a petition for and ultimately secure a domestic abuse protection order against father. Although mother is not receiving and has not received public assistance, in March 1996 she requested the Swift County Child Support Collections office to collect her child support payments. Despite the fact that father received notice to send his payments to the county, he has failed to do so and continues to pay child support directly to mother.

Consequently, the Swift County attorney filed a motion to find father in civil contempt of court for failing to comply with the child support order to make payments to the county. In response, father filed a motion challenging the constitutionality of the statute that authorizes payment to the county. After a hearing, the court found father in civil contempt of court. The court found that incarceration would be an appropriate remedy for this contempt, but stayed the order pending appeal or payment to the county. Father appeals.[1]

## ISSUE

Does Minn.Stat. § 518.551, subd. 1(b), which requires a child support obligor to make payment to the county, violate constitutional guarantees of equal protection and safety from imprisonment for debt?

## ANALYSIS

 Evaluating the constitutionality of statutes is a question of law that this court

1. The record reveals that in district court, father filed a notice, pursuant to Minn. R. Civ. P. 24.04, informing the attorney general of father's challenge to the constitutionality of Minn.Stat.

determines de novo. *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993). The court presumes an enacted statute is constitutional and will overturn a statute only if the challenging party establishes beyond a reasonable doubt that the statute violates a claimed right. *Id.*

Minn.Stat. § 518.551, subd. 1(b), provides:

· The court shall direct that all payments ordered for maintenance and support be made to the public agency responsible for child support enforcement so long as the obligee is receiving or has applied for public assistance, or has applied for child support and maintenance collection services.

Appendix A, attached to the parties' judgment and decree of dissolution, gave father notice of the circumstances under which he would be required to send payment to the county. He also received numerous notices from the county once mother exercised her statutory right to request child support collection services. Father was required to follow the court's child support order and make payment to the county. We credit father for meeting his child support obligation, but emphasize that he must also comply with the statute that governs the method in which he makes payment. The court properly found father in contempt for failing to abide by the child support order in the parties' judgment and decree and Minn.Stat. § 518.551, subd. 1(b).

 Father contends that Minn.Stat. § 518.551, subd. 1(b), violates his constitutional right to equal protection because it allows differential treatment of child support obligors. The constitutions of the United States and the State of Minnesota guarantee a person's right to equal protection of the law. U.S. Const. amend. XIV; Minn. Const. art. I, § 2. "Equal protection requires that persons similarly situated be treated similarly." *Lidberg v. Steffen,* 514 N.W.2d 779, 784 (Minn.1994) (citing *Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982)). Here, the group we consider is child support obligors.

§ 518.551, subd. 1(b). Father also served the attorney general with his notice of appeal and statement of the case wherein he specifically raised the constitutional issue on appeal.

Father, a paying obligor, seeks to differentiate himself from obligors who have failed to pay child support or who have arrearages. For authority, father relies on the federal statutes governing withholding of income of child support obligors and mandatory payment to the state when the obligee receives AFDC. 42 U.S.C. §§ 654, 666 (1994). Father challenges the Minnesota law requiring him to send payment to the county when the obligee requests collection services, because that provision does not exist in the federal statute.

Minn.Stat. § 518.551, subd. 1(b), on its face, however, applies to "all proceedings involving an award of child support," regardless of whether the obligor is up-to-date or in arrears. *Id.*, subd. 1(a). By the plain language of the statute, if an obligee requests child support collection services from the county, that request alone is sufficient to require the court to order the obligor to pay child support to the county. That order is not related to the status of the obligor's payment history. Under these circumstances, any obligor, up-to-date or in arrears, is required to pay child support to the county. Further, any obligor, up-to-date or in arrears, could face the sanction of contempt and incarceration for failure to adhere to the court's order regarding method of payment. All persons similarly situated are treated equally under Minn.Stat. § 518.551, subd. 1(b).

Father's payment status is irrelevant to a constitutional analysis. Minn.Stat. § 518.551, subd. 1(b), on its face, passes constitutional muster because it does not differentiate between father and any other child support obligor. Without any disparate treatment here, we need not analyze whether the law is rationally related to a legitimate public purpose. *See Lidberg*, 514 N.W.2d at 784 (where legislation fails to treat similarly situated parties equally, that legislation must be rationally related to legitimate public purpose).

■ Father also argues that he is unconstitutionally subject to imprisonment for a debt if he fails to make his child support payments to the county. We disagree. The Minnesota Constitution provides, "No person shall be imprisoned for debt * * * ." Minn. Const. Art. I, § 12. The court has limited the term "debt" to mean obligations to pay money or owe something arising out of an express or implied contract. *Clausen v. Clausen*, 250 Minn. 293, 301, 84 N.W.2d 675, 681 (1957), *quoted in Warwick · v. Warwick*, 438 N.W.2d 673, 679 (Minn.App.1989).

A child support obligation, however, "is not a debt within the meaning of the constitutional prohibition against imprisonment for debt." *Wojahn v. Halter*, 229 Minn. 374, 381, 39 N.W.2d 545, 549 (1949), *quoted in Warwick*, 438 N.W.2d at 679. Thus, incarceration may be a consequence of civil contempt of court when an obligor disobeys court orders for child support. *See* Minn. Stat. § 518.24 (1996) (obligor's disobedience of child support order is prima facie evidence of contempt); *Warwick*, 438 N.W.2d at 679–80 (holding law allowing incarceration, if obligor fails to comply with court's child support order, does not violate constitutional prohibitions against imprisonment for indebtedness); *Gustafson v. Gustafson*, 414 N.W.2d 235, 237 (Minn.App.1987) (courts have statutory authority to enforce child support obligations by imposing sanctions in civil contempt proceedings).

To distinguish himself from that established body of law, father seeks to liken his case to a contractual debt arising out of the contract between mother and Swift County. Father contends that he now has a contractual obligation to pay the county as a third party to the contract, citing *Clausen*, 250 Minn. at 301, 84 N.W.2d at 681. *Clausen* involved a maintenance obligor, an obligee, and a bank to which the obligee had endorsed a promissory note for a debt that the obligor owed her. *Id.* at 294, 84 N.W.2d at 677. When the obligor failed to pay either the obligee or the bank, the court found him in contempt and ordered him to jail. *Id.* at 294–96, 84 N.W.2d at 677–78. The supreme court held that the trial court lacked the power to order the obligor to pay a third party and to incarcerate him for not complying with the order. *Id.* at 301–02, 84 N.W.2d at 681.

Unlike *Clausen*, this case does not involve a third party to the contract. Unlike the bank in *Clausen*, Swift County has not been assigned the debt. Rather, the county is

simply acting as the go-between by receiving the child support payment and passing it along to mother. The trial court properly determined that the statute providing for payment to the county does not unconstitutionally lead to imprisonment for "debt."

## DECISION

Mother had a statutory right to request the county to collect her child support payments. Father has an obligation to follow the law and the child support order and send payments to the county.

Minn.Stat. § 518.551, subd. 1(b), does not violate father's right to equal protection of the law or protection from imprisonment for indebtedness. The trial court properly held father in contempt for failing to comply with the court order to pay child support to the county.

**Affirmed.**