In re the Marriage of Russman Wayne SCHUBEL, petitioner,

Appellant,

v.

Dawn Marie SCHUBEL, Respondent,

Wright County Public Authority, Respondent.

No. C6–98–376.

Court of Appeals of Minnesota.

Sept. 29, 1998.

---

Juhl S. Halvorson, Johnson, Larson & Peterson, P.A., Buffalo, for appellant.

Wyman A. Nelson, Wright County Attorney, Thomas C. Zins, Assistant Wright County Attorney, Buffalo, for respondent Wright County Public Authority.

Considered and decided by CRIPPEN, P.J., KLAPHAKE and SHUMAKER, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Russman Schubel challenges an order revoking a stay of incarceration or-

dered after an earlier civil contempt adjudication, contending that he made an adequate showing of excuse for failing to make required payments and that the court erred in setting purge conditions without finding his ability to pay. We affirm the trial court's findings but reverse and remand for the court's determination of an appropriate purge condition.

## ISSUES

1. Does the evidence support the trial court's findings of fact?

2. Did the court err in failing to make a finding regarding whether appellant had the ability to meet the purge condition?

## ANALYSIS

On appeal, we are to reverse the factual findings of a contempt order only if they are clearly erroneous. *Mower County Human Servs. ex rel. Swancutt v. Swancutt,* 551 N.W.2d 219, 222 (Minn.1996); Minn. R. Civ. P. 52.01. We independently review the trial court's legal conclusions. *Maxfield v. Maxfield,* 452 N.W.2d 219, 221 (Minn.1990).

Findings of fact.

Appellant claims that the evidence shows his excusable nonperformance. The trial court found that he did not make a good-faith effort to make payments immediately after the initial contempt order and that he also failed later to get employment that was available. Although appellant stated excuses, specifically including the occurrence of a foot injury, the trial court had the prerogative to determine the credibility of appellant's testimony, and the record is sufficient to permit a determination that appellant could have made payments that were required in the initial contempt order. *See Novack v. Northwest Airlines, Inc.,* 525 N.W.2d 592, 598 (Minn.App.1995) (appellate courts give due regard to the trial court's credibility assessment); Minn. R. Civ. P. 52.01 (same).

Appellant contends the trial court inaccurately recited appellant's attempt to document his injury claim. But the essential trial court finding, that appellant's doctor declined to certify appellant's disabled status, is sup-

ported by the record. Appellant also disputes the trial court's finding regarding his success in paying other personal expenses; although the finding is contradicted by evidence of circumstances in November and December 1997, it is accurate for the period it addresses, through October 1997, and the finding is pertinent to the shortage in payments that was shown through October.

Ability to meet purge condition.

■ Appellant attacks the court's statement of a purge condition without a finding that appellant could meet that condition.[1] The court's order permitted a purging of the contempt by payment of all support still due, and the court's findings state that unpaid arrearages totaled $3,811.22.[2]

■ At the second stage of contempt proceedings, the contemnor has the opportunity to show compliance or a good faith effort to comply with conditions stated when contempt was first adjudicated. *Mahady v. Mahady,* 448 N.W.2d 888, 891 (Minn.App.1989) (at second stage, court determines whether contemnor failed to comply without excuse); *Gustafson v. Gustafson,* 414 N.W.2d 235, 237 (Minn.App.1987) (contemnor given opportunity to show compliance or present excuse at second-stage hearing); *see also* D.D. Wozniak & Cynthia L. Lehr, *Dealing with a Double–Edged Sword: A Practical Guide to Contempt Law in Minnesota,* 18 Wm. Mitchell L.Rev. 7, 19–20 (1992). If the court finds that the contemnor failed to comply without excuse, it may order immediate confinement but still must set a purge condition that provides the contemnor the opportunity to obtain release by compliance. *Swancutt,* 551 N.W.2d at 224 (concluding that the necessary terms in final confinement order include "providing to the contemnor the opportunity to gain release" (citing *Hopp v. Hopp,* 279 Minn. 170, 175, 156 N.W.2d 212, 217 (1968))).

■ In order for a purge condition to create an actual "opportunity" to gain release, there must be a determination that the contemnor has the ability to meet the purge condition(s). *See Hopp,* 279 Minn. at 175, 156 N.W.2d at 217 (depicting obligation in civil contempt proceeding as within obligor's ability). A contemnor is entitled to a finding in that respect. *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976) (appellate court mandate for findings enhances respect for standards, informs the parties of the court's rationale, and gives the parties a meaningful right to appeal). We remand for a fact determination as to whether appellant has the ability to pay the purge condition set by the court. The trial court's finding must relate to appellant's financial circumstances at the time of confinement, not the circumstances at the time of the initial contempt hearing.

Appellant also contends that the court's confinement order is flawed because it does not recite whether conditional confinement is reasonably likely to produce compliance, citing *Hopp. Hopp* states this requirement in the context of the initial order adjudicating contempt. 279 Minn. at 174–75, 156 N.W.2d at 216–17. Moreover, if an obligor is able to perform a purge condition, a matter of fact that must be determined, the choice to incarcerate is patently premised on the reasonable likelihood of producing compliance.

■ Appellant also contends that the trial court abused its discretion in denying his request for a continuance. He argues that his counsel did not have time to adequately prepare for his defense because he did not meet with his counsel until the day of the hearing. Because the hearing was postponed earlier so that appellant could consult with counsel, and because counsel was appointed for appellant a week before the December 1997 hearing, the trial court did not abuse its discretion in denying the continuance.

---

**1.** Although the court's conclusion states that appellant "has the resources to pay his monthly child support and arrears," the court made no findings of fact to demonstrate that appellant had the present ability to pay arrearages.

**2.** On remand, as part of its determination of a purge condition, the court must review its finding of fact on the amount of arrearages. The

initial contempt order, based on the stipulation of the parties, recited that the arrearages in January 1997 were $1,954.54. Because appellant's payments in 1997 were sufficient to cover his then current support plus $453 in arrearages, the 1997 recital suggests that the arrearages in December 1997 were $1,501.54.

## DECISION

The evidence supports a determination that appellant failed without excuse to comply with the contempt order conditions. But the trial court erred in ordering appellant's confinement without making a finding that appellant had the ability to pay the purge condition set by the court.

**Affirmed in part, reversed in part, and remanded.**